ROBERT CODMAN, administrator, *vs.* WILLIAM G. BROOKS, administrator, & others.

Suffolk.    December 7, 1896. — February 23, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*French Spoliation Claims — Distribution of Money — Next of Kin — Statute.*

Next of kin under the U. S. St. of March 3, 1891, § 4, (26 U. S. Sts. at Large, 862, 908,) are not to be determined as of the time of the testator's death with a limitation upon their rights, and with a right by succession and representation in their descendants living at the date of the act of Congress, but are to be determined as of the date of the act, in view of their relationship to the deceased person, without reference to the time when he died.  ALLEN, J., dissenting.

BILL IN EQUITY, by Robert Codman, administrator with the will annexed of the estate not already administered of William Gray the elder, against certain administrators and executors, and various other parties, as set forth in the former report of the case, 159 Mass. 478.  The prayer of the bill is as therein given. A writ of error was prosecuted to review the judgment in that case, and after the decision thereon reported, 162 U. S. 439, in which the judgment was reversed, the case was heard before *Allen,* J.

The accompanying schedule shows the next of kin of William Gray the elder, as of the time of his death and as of the time of the approval of the U. S. St. of March 3, 1891, § 4 (26 U. S. Sts. at Large, 862, 908).

The judge entered a decree that the money available for distribution after the payment of costs and counsel fees "be paid over to the next of kin of William Gray the elder who were living on March 3, 1891, in manner following; namely:

"One sixteenth (1/16) part thereof to Edward Gray and Isa E. Gray, executors of the will of William Gray, who was the original plaintiff and died after the filing of the bill.

"One eightieth (1/80) part thereof to each of the children of Francis H. Gray, deceased, namely, Francis C., Mary C., Samuel S., Reginald, and Morris.

"One sixteenth (1/16) part thereof to each of the children of William R. Gray, deceased, namely, Horace and Ellen.

William Gray d. 1825.

Francis C. d. 1856, no issue.

Henry d. 1854.

John C. d. 1881, no issue.

Horace d. 1873.

Lucia Gray Swett d. 1844.

William R. d. 1881.

William.  Francis H. d. 1880.  Horace.  Ellen.

Francis C.  Mary C.  Sam'l S.  Reginald.  Morris.

Frances  Caroline G.  Charles R.  Lydia F.  Mary C.  Frederick W.  Arthur.  Frances.  Horatio.  Ellen C.
Elizabeth.  Haskins.  Cornelius.  Winthrop.  Brooks.

Horace,  Elizabeth C.  Harriet,  John C,  Russell.

Lucia G.  Wm. G.  Sam'l B.  John B.
Alexander. d. 1843. d. 1890. d. 1867.

Elizabeth G. French.

Charlotte B.  W. Hallowell.

Samuel.  Elizabeth H.  Lucia G.  Mary C.  William L.

" One fortieth (1/40) part thereof to each of the children of Henry Gray, deceased, namely, Frances Elizabeth, Caroline G. Haskins, Charles R., Lydia F. Cornelius, Mary C. Winthrop, Frederick W. Arthur, Frances, Horatio, and Ellen C. Brooks.

" One twentieth (1/20) part thereof to each of the children of Horace Gray, deceased, namely, Horace, Elizabeth C., Harriet, John C., and Russell.

" One sixteenth (1/16) part thereof to Lucia G. Alexander, the daughter of Lucia Gray Swett, deceased.

" One sixteenth (1/16) part thereof to Charlotte B. W. Hallowell, a granddaughter of Lucia Gray Swett, deceased.

" One sixteenth (1/16) part thereof to Elizabeth G. French, a granddaughter of Lucia Gray Swett, deceased.

" One eightieth (1/80) part thereof to each of the children of Samuel B. Swett, deceased; namely, Samuel, Elizabeth H., Lucia G., Mary C., and William L."

H. D. Hadlock and W. G. Brooks, counsel for next of kin of William Gray the elder, claiming through Henry Gray, appealed; and thereupon the judge reserved the case for the consideration of the full court.

*H. D. Hadlock & W. G. Brooks,* (*J. S. Patton* with them,) for next of kin of William Gray the elder, claiming through Henry Gray.

*J. B. Warner,* for the descendants of William R. Gray and Horace Gray, Senior.

*J. Fox,* for descendants of Lucia Gray Swett.

KNOWLTON, J. The decision of the Supreme Court of the United States in *Blagge* v. *Balch,* 162 U. S. 439, settled the principal questions arising under the U. S. St. of March 3, 1891, (26 U. S. Sts. at Large, 862, 908,) and established the fact that the money in the hands of the plaintiff was appropriated by the Congress of the United States, not to be held as a part of the estate of the testator, but as a gift to individuals who were selected on account of their relationship to William Gray, the original sufferer. The gift took effect at the date of the passage of the act, and the money is to be divided among those who were then his statutory next of kin.

The principal question which has been argued before us is whether the money is to be divided as if it vested in the tes-

tator's next of kin at the time of his death, except that they had no power to dispose of it by will or otherwise, and passed to their descendants by right of representation, or whether it is to be treated as having vested at the time of the passage of the act in those persons who were the statutory next of kin or distributees of the testator, considering merely their relationship to him at the time, and regarding their intermediate ancestors only for the purpose of establishing their relationship; in other words, are next of kin to be determined as of the time of the testator's death, with a limitation upon their rights, and with a right by succession and representation in their descendants living at the date of the act of Congress, or are they to be determined as of the date of the act, in view of their relationship to the deceased person, without reference to the time when he died. Under the first contention it would follow, if an original sufferer died leaving two sons, of whom one left at his death one child and the other ten children, all of whom survived until the passage of the act, that of the eleven grandchildren one would take one half of the fund, and each of the others only one twentieth of it. This would not be in accordance with the spirit of the act, and the probable intention of Congress, and it ought not to be permitted except in jurisdictions where the statute of distributions, applied to the conditions existing at the passage of the act, absolutely requires it. In *Blagge* v. *Balch*, p. 464, it is said that " the object of Congress was that the blood of the original sufferers should take at the date of the passage of the act," and there is nothing to indicate an intention to prefer one beneficiary to others of the same degree of relationship to the original sufferer, because a division among his next of kin many years ago and a preservation of their several shares until now for their posterity would have given him ten times as much as the others. In making the distribution, the term " nearest in blood " is to be enlarged only so far as to include those whose relationship to the original sufferer would entitle them to a share in his estate if it were to be divided under the statute of distributions among such of his surviving relatives as are statutory next of kin.

In *Blagge* v. *Balch*, Chief Justice Fuller uses these words: " From these considerations, and by necessary construction of the language employed, it results that ' next of kin,' as used in

the proviso, means next of kin living at the date of the act. The Court of Claims must certify that the personal representatives ' represent the next of kin,' and that court has properly held that before there can be a certificate of that fact it must appear that some next of kin are now in existence." (p. 463.) These next of kin must be ascertained as of the date of the act. Probably in most cases none of the next of kin, ascertained as of the date of the death of the original sufferer, were living at the date of the act. If in any case any of them survived until that time, it is clear that they were not to receive the whole fund to the exclusion of those who had previously deceased, and of their descendants. Beneficiaries living at the date of the act can properly be called next of kin of the original sufferer only on the ground that they are his nearest relatives if the relationship is to be determined as if he had died at that time. Obviously none of the intermediate relatives who deceased before the passage of the act can be included as next of kin within the meaning of this statute. We are of opinion that the next of kin are to be determined in this case as if their ancestor had deceased at the date of the passage of the act.

The next of kin of William Gray among whom this money is to be divided are nineteen grandchildren, who will take *per capita*, and the children of four deceased grandchildren, who will take by right of representation the shares which their deceased parents would have taken if living. Our statute of distributions, applied to such a case, requires a division of the fund in this way. Pub. Sts. c. 125, § 1, cl. 1. *Balch* v. *Stone*, 149 Mass. 39.

In *Clement's estate*, 160 Penn. St. 391, the next of kin of the original sufferer living at the date of the act were four grandchildren and the children of seven deceased grandchildren. In accordance with the views which we have expressed, the court divided the fund into eleven equal shares, and gave one to each of the surviving grandchildren and one to the children of each of the deceased grandchildren. This case was referred to in *Blagge* v. *Balch*, 162 U. S. 439, 465, and said to be in harmony with the views therein expressed.

*Gardner* v. *Clarke*, 20 D. C. 261, which is cited as an authority for a different method of distribution, was decided under the statutes of Rhode Island, where the distribution is *per stirpes*

without regard to the degree of kinship, and it is therefore not material to the question before us. Gen. Laws of Rhode Island, c. 216, §§ 1, 5, 9. Pub. Sts. of Rhode Island of 1882, c. 187, §§ 1, 5, 9. *Daboll* v. *Field,* 9 R. I. 266.

In cases under wills it has frequently been held that, in order to carry out the intention of the testator, heirs or next of kin are to be determined as of a date subsequent to the death of the ancestor. *Proctor* v. *Clark,* 154 Mass. 45. *Peck* v. *Carlton,* 154 Mass. 231. *Wood* v. *Bullard,* 151 Mass. 324. *Fargo* v. *Miller,* 150 Mass. 225.

The money in the hands of the plaintiff for distribution will be divided into twenty-three equal shares, of which one will be given to each of the surviving grandchildren and one to the children of each of the deceased grandchildren.

*So ordered.*

ALLEN, J. It seems to me that the decision of the Supreme Court of the United States is that the next of kin of the original sufferer should be ascertained as of the date of his death, and that their descendants living at the date of the enactment of the statute should take *per stirpes*, paying no regard to wills, assignments, bankruptcies, or creditors. The original sufferer left six children. Two died without issue. Descendants of the other four were living at the date of the enactment of the statute. The fund therefore, as I understand the decision, should be divided into four equal parts, and one fourth part should go to the descendants of each one of the four who left issue. This seems to me to be the meaning of the language used in *Blagge* v. *Balch,* 162 U. S. 439, 464.