EDWIN N. PAINE, petitioner.

Barnstable.    March 16, 1900. — May 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — " Children of my Deceased Brothers and Sisters " — Statute of Distributions.*

A legacy "to the children of my deceased brothers and sisters " of "all the rest of said stock or securities, to be divided among them as provided in the statutes of the Commonwealth in such cases made and provided," means a division according to the statute of distributions.

PETITION, by the executor of the will of William A. Atkins, for instructions as to the construction thereof. Hearing before *Lathrop*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*R. A. Hopkins*, for the petitioner.

*E. P. Carver & E. E. Blodgett*, for certain respondents.

*E. W. Hutchins & A. S. Wheeler*, for certain other respondents.

*J. W. Converse*, for Florine M. Brown, grandniece of the testator, joined in the brief of Hutchins and Wheeler.

LATHROP, J. William A. Atkins died on April 7, 1897. His will, dated November 26, 1892, was duly admitted to probate on June 8, 1897, and the petitioner was appointed executor. The will, after two specific bequests, in the fifth clause directs his executor, after the payment of these bequests, to convert the estate into money, and to invest the money in the stock or securities of the Post Publishing Company, and to hold the same in trust for the objects set forth in the sixth clause of the will. By the sixth clause the executor or his successor in the trust is directed to pay over said stock or securities, so purchased, " to the persons following so soon as he conveniently can, paying to each person a sufficient amount of said stock or securities to give each of said persons stock or securities in said company of the value in money hereinafter set forth, to wit." Then follow the names of five persons, to four of whom $500 apiece is given, and to one, $1,000 ; and then comes the following clause marked (f.), the meaning of which is in controversy : " To the children of my deceased brothers and sisters all the rest of said stock or securities to be divided among them as provided in the statutes of the Commonwealth in such cases made and provided."

The seventh clause of the will provides that if the testator's nephew, Edwin A. Grozier, or his representatives should not be stockholders in the Post Publishing Company at the time of the testator's death, or at the time when such investment should be contemplated, then the executor should pay over to the several persons named in the sixth clause of the will the money or balances provided in the fifth clause of the will, paying to each person named in said sixth clause the amount set against his name, " and paying to the children of my deceased brothers and sisters any balance of said money in the proportions fixed by clause sixth paragraph (f.) of this will."

The testator had nine brothers and sisters, all of whom died before the date of his will. At the date of the will as well as at the time of his death fifteen of the children of his deceased brothers and sisters were living, and nine were dead, leaving issue then living.

Of the thirty-four persons named as respondents, fifteen are children of the testator's brothers and sisters, or their representatives, two having died since the testator; eleven are grandchildren, representing deceased children; and eight are great-grandchildren, representing deceased children of deceased children.

Edwin A. Grozier was a stockholder in the Post Publishing Company at the death of the testator; and the executor invested from time to time the estate in the stock of the Post Publishing Company, and has a balance in cash.

The executor now asks the court for instructions as to the meaning of paragraph (f.) of the sixth clause of the will.

If the bequest in this case had been simply " to the children of my deceased brothers and sisters," it may be assumed that only those living at the death of the testator would take, except that if any one of these had died, after the making of the will and before the testator leaving issue, such issue would, by force of the Pub. Sts. c. 127, § 23, take the share which would have gone to the parent if he or she had survived. See *Howland* v. *Slade*, 155 Mass. 415.

It is contended that the testator by the reference to the statutes of the Commonwealth had this provision in view; but it seems to us that he meant something more than this. For if this is what he had in mind, there was no need of mentioning the statutes at all.

Some effect, doubtless, must be given to the language used. The division must be " as provided in the statutes of the Commonwealth;" and we are of opinion that the testator had reference to the statute of distributions, Pub. Sts. c. 135, § 3, cl. 2, which incorporates into it the provisions of the Pub. Sts. c. 125. Section 1, cl. 5, of the latter chapter is as follows : " If he leaves no issue and no father or mother, then to his brothers and sisters, and to the issue of any deceased brother or sister by right of representation ; and if there is no surviving brother or sister of

the intestate, then to all the issue of his deceased brothers and sisters. If all such issue are in the same degree of kindred to the intestate, they shall share the estate equally ; otherwise, they shall take according to the right of representation."

The will does not state that the shares are to be divided equally among the children of the testator's deceased brothers and sisters. The word " children " may be interpreted as including representatives of a deceased child. *Bowker* v. *Bowker*, 148 Mass. 198, 203. While the seventh clause of the will refers to a contingency which has not occurred, yet it has a bearing upon the meaning of the words relative to the division of the property under the sixth clause of the will. It refers expressly to it, and says that the money shall be divided " in the proportion fixed by the sixth clause." This shows that the testator did not mean equally, but in a proportion fixed by the statutes of the Commonwealth, which must mean the statute of distributions.

We are of opinion, therefore, that the legacy should be divided into twenty-four parts, one part to be given to each of the fifteen children who were living at the death of the testator, or to the executors or administrators of those who have died since the testator, and that the share of each child who died before the making of the will should go to his or her issue by right of representation. *Balch* v. *Stone*, 149 Mass. 39. *Codman* v. *Brooks*, 167 Mass. 499, 503.

In making the distribution of stock in accordance with the sixth clause of the will, if differences should be left, less than the distributive value of one share of stock, such differences may be adjusted by cash payments.

*Decree accordingly.*