OLD COLONY TRUST COMPANY, trustee, *vs.* ATTORNEY GENERAL OF THE UNITED STATES & others.

Middlesex.    November 6, 1950. — December 4, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Devise and Legacy,* Children.    *Words,* "Children."

In a will made by a testator who knew that his sister had died leaving one legitimate son, one illegitimate son, and a grandson, son of a deceased daughter, a bequest of property "in equal shares . . . to the children of my late sister . . . surviving at the time this distribution shall be made," entitled the illegitimate son to share equally with the legitimate son at the time of distribution, but did not entitle the grandson to share.

PETITION, filed in the Probate Court for the county of Middlesex on February 26, 1948.

The case was heard by *Monahan, J.*

*L. H. Weinstein,* stated the case.

*J. Laufer* of the District of Columbia, (*C. J. Kalinauskas,* Assistant United States Attorney, with him,) for the Attorney General of the United States.

*A. W. DiCecca,* for the respondent William Flentje.

WILKINS, J. This petition for distribution by the trustee under the will of Ernst Flentje, late of Cambridge, involves an interpretation of part of paragraph Thirteenth (1) of the will disposing of certain property as follows: "One sixth in equal shares, share and share alike, to the children of my late sister, Doretta Wode, surviving at the time this distribution shall be made." At the time of the execution of the will the testator knew that Doretta Wode was deceased and was survived by two sons and by a grandson, the son of a deceased daughter. The sons and grandson are still living. The sons are Karl Wode, a German national, and an illegitimate son who is an American citizen. The grandson is Karl Bruening, a German national. The decree ordered distribution one twelfth to the Attorney General of the United States, this "being the former interest of Karl Wode," and one twelfth to the illegitimate son. The Attorney General appealed.

The Attorney General's argument is designed primarily to exclude the illegitimate son from participation in this bequest. The general rule is that in the absence of language clearly expressing a contrary intent "children" does not comprehend illegitimate children. *Kent* v. *Barker,* 2 Gray, 535, 536. *Hayden* v. *Barrett,* 172 Mass. 472, 474. *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 635. But clear language expressing a contrary intent is found here. When the will was drawn the testator knew that Doretta Wode was dead and was survived by but two children, one of whom was illegitimate. He would not, in our opinion, have used the plural word to refer solely to the legitimate son of Doretta. We do not regard as important references by name elsewhere in the will to Doretta's illegitimate son as the testator's nephew rather than as his sister's son.

This effort to bar the illegitimate son failing, the Attorney

General contends that Doretta's grandson, as the son of a deceased daughter, should also be treated as one of Doretta's "children." The word "children" may embrace grandchildren, representatives of a deceased child, where the context fairly shows that this was the testator's intent. *Bowker* v. *Bowker*, 148 Mass. 198, 203. *Paine, petitioner*, 176 Mass. 242, 245. This, however, is not the usual rule. "Normally when the word children is used grandchildren are excluded. Where there are either children or a child who fully answers the description of the word children, and where confining the bequest to them will fully satisfy the whole apparent design of the testator, grandchildren or more remote descendants may not share with them. *Boston Safe Deposit & Trust Co.* v. *Nevin*, 212 Mass. 232, 236." *Nelligan* v. *Long*, 320 Mass. 439, 443–444, and cases cited. The normal rule applies in this case. There are children to take. No intent appears to treat the grandson as the representative of his deceased mother. The wording of the bequest limits those who are to take to children "surviving at the time this distribution shall be made." This seems a complete answer to arguments based upon other parts of the will which we do not find necessary to quote.

*Decree affirmed.*