### WILLIAM MINOT *vs.* HENRIETTA TAYLOR & others.

Suffolk.   March 16. — July 3, 1880.   AMES & LORI , JJ., absent.

A testator, by his will, gave an equitable life estate in one fourth part of the residue of his estate to each of his two surviving sons with a limitation over to his issue, a life estate in one fourth to the children of his deceased son H. with a like limitation over to their issue, and a life estate in the remaining fourth to his daughter S. with a limitation of a life estate to her children and a further limitation over to her grandchildren. He then provided as follows : " And if either of my said children shall die without children or grandchildren, I direct the share of income of such child or children to be paid to my surviving child or children and to the children of my son H. in the manner above provided during the natural life or lives of such surviving child or children and grand-children. It is my intention that my grandchildren shall take by representation, and, on the failure of issue of either of my children, the share of such child shall vest in the issue of my surviving children and the issue of my son H., and be paid whenever the same is distributable agreeably to the provisions of this will." The testator's son W. died without issue. Before the death of W., the other son of the testator and his daughter S. had died, each leaving issue. *Held,* that the income of W.'s share should be divided equally among the issue of each of the testator's three children who left issue.

A testator devised property in trust to pay the income to A. for life, with remainder to his children for life, and, on their death, to pay the principal to A.'s grandchildren on their respectively coming of age. At the death of the testator A. had one child living, who was then unmarried. At the death of A., this child had children living. *Held,* that the trustee could not ask the instruction of the court on the question whether the devise to the grandchildren was void for remoteness, until the death of the child of A.

BILL IN EQUITY by the trustee under the will of William Taylor to obtain the instructions of the court. Hearing before *Endicott,* J., who reported, for the consideration of the full court, the following case :

William Taylor died in February 1838, leaving, as his only heirs and next of kin, 1st, a son, John P., 2d, a son, William, 3d, a daughter, Sarah A. W. Kennedy, a widow, having a son then living, William T. Kennedy, and 4th, six children of his deceased son Henry.

The testator by his will, which was duly admitted to probate, after providing for the payment of certain legacies, devised the residue and remainder of his estate to trustees, and directed them to pay to each of his three children one quarter part of the net income half yearly, and the other quarter part of the net income to the children of his son Henry, during their lives. The will then proceeded as follows :

" And in case any of said Henry's children decease without issue, the share of such deceased child to go to the survivors, and upon the decease of my said son Henry's children I direct that one quarter part of the residue and remainder of my estate be distributed among his grandchildren, such grandchildren representing their parents and receiving their shares as they respectively attain the age of twenty-one years and in the mean time to receive the income of their respective shares.

" And in case my said son William shall decease without children, it is my will that his wife Elizabeth shall receive the same annuity as is hereinbefore given to him during her natural life.

" And on the decease of my said sons severally and of said Elizabeth Taylor (if my said son William decease before her without issue) I direct my said trustees to pay to the children of each of my said sons one fourth part of the residue and remainder of my estate, such payments to be made to my said grandchildren as soon after the decease of their fathers as said grandchildren shall attain the age of twenty-one years.

" And as to the other fourth part of the residue and remainder of my estate I direct my said trustees to hold the same (after my said daughter Sarah's decease) during the lives of her children, and to pay the net interest and income thereof to her children half-yearly or oftener if convenient to said trustees, and at the decease of said Sarah's children the said fourth part of the capital of said residue and remainder of my estate shall be paid to her grandchildren as they respectively attain the age of twenty-one years, such grandchildren taking by right of representation and while said grandchildren are minors, after the decease of their parents they shall respectively receive the net income of the capital to which they will severally be entitled at their majority.

" And if either of my said children shall die without children or grandchildren, I direct the share of income of such child or children so dying without children or grandchildren to be paid to my surviving child or children and to the children of my said son Henry (excepting however the provision hereinbefore made for the wife of my son William) in the manner above provided during the natural life or lives of such surviving child or children

and grandchildren. It is my intention that my grandchildren shall take by representation, and on the failure of issue of either of my children the share of such child dying without issue shall vest in the issue of my surviving children and the issue of my said son Henry, and be paid whenever the same is distributable agreeably to the provisions of this will. But I direct whatever may fall to the children of my daughter Sarah in virtue of the foregoing provisions, in addition to one quarter part of the residue and remainder of my estate hereinbefore bequeathed in trust for the benefit of said children after the decease of their mother, shall be held on the like trusts as are declared in relation to that quarter part."

John P. Taylor died on December 16, 1873, leaving issue. Mrs. Kennedy died in 1876, leaving, as her only child, her son William T. Kennedy, who now has two children living, who were born during the lifetime of their grandmother, and are still minors. The testator's son William died without issue on February 10, 1878. His wife died before him.

The trustee asked the instructions of the court on the question to whom the property devised for the benefit of William was to be distributed, and on the question whether the devise for the benefit of the testator's daughter Sarah and for her children and grandchildren created a perpetuity, and whether William T. Kennedy was entitled to the income of his mother's share during his life.

*C. A. Welch*, for William T. Kennedy and his children.

*D. S. Richardson*, for the children of John P. Taylor.

*G. H. Ball*, for the children of Henry Taylor.

MORTON, J. The will of William Taylor is somewhat confused in expression, but the general purpose and scheme of the testator is clearly apparent. He intended to divide the residue of his estate, after paying certain legacies, into four equal parts, one fourth part to go to the benefit of each of his three children who survived him and their issue respectively, and one fourth part to the children of his deceased son Henry and their issue. He gives an equitable life estate in one fourth part to each of his surviving sons with a limitation over to his issue, a life estate to the children of his deceased son Henry with a like limitation over to their issue, and a life estate to his daughter Sarah with

a limitation of a life estate to her children and a further limitation over to her grandchildren. He then proceeds to make provision for the case of either of his surviving children dying without issue, in the following words : " And if either of my said children shall die without children or grandchildren, I direct the share of income of such child or children so dying without children or grandchildren to be paid to my surviving child or children and to the children of my said son Henry (excepting however the provision hereinbefore made for the wife of my son William) in the manner above provided during the natural life or lives of such surviving child or children and grandchildren. It is my intention that my grandchildren shall take by representation, and on the failure of issue of either of my children the share of such child dying without issue shall vest in the issue of my surviving children and the issue of my said son Henry, and be paid whenever the same is distributable agreeably to the provisions of this will."

The first question in the case is as to the construction of this clause. The testator's son William and his wife have died without issue. Before the death of William, the testator's son John and his daughter Sarah had died each leaving issue ; and the children of Henry contend that they are entitled to the whole of the income of the share of William, to the exclusion of the issue of John and Sarah. We are not able to adopt this construction. The phraseology is confused and obscure, but it seems to us that, upon reading the whole will, the intention appears that, in the contingency which has happened, the income of William's portion should be divided into three parts, one part of which is payable to the issue of each of the testator's three children who left issue. This construction alone is consistent with the main purpose of the testator, an equality of division between the different branches of his family. We think that the testator intended to use the words " surviving child or children " to designate children surviving at his death, and that the declaration of his intention that grandchildren should take by representation, and that the share of a child dying without issue should vest in the issue of surviving children and the issue of his son Henry, was intended to qualify and explain the previous provision, that the share of income of a child dying without issue

should be paid "to my surviving child or children and to the children of my son Henry." The words "it is my intention that my grandchildren shall take by representation" seem to refer to all his grandchildren, and unless they qualify the previous provision they are useless and without force.

We are of opinion that the clause in question gives to the children of each of the testator's deceased children a share of the income of the portion held for William, to be paid to them until the principal is distributable according to the provisions of the will.

The other question raised by the report, whether the limitation over to the grandchildren of Sarah as they attain the age of twenty-one years is void for remoteness, is premature, and cannot properly be considered in this suit. It may involve the rights of persons not now in being, and does not affect the present duty of the trustees. The limitation of a life estate to the children of Sarah is a valid limitation, as it vested in her child William T. Kennedy at the death of Sarah, and it is the duty of the trustee to pay the income of her share to him during his life. The trustee has the right to ask the instruction of the court as to his present duties, but not as to what may be his duty in future uncertain contingencies. *Decree accordingly.*