GEORGE R. BOWKER *vs.* DANIEL R. BOWKER & others.

Essex.     November 7, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Will* — "*Children*" *construed to include Grandchildren.*

A testator, by his will, provided that a gift to his wife for life should at her death be equally divided among all his children, the issue " of my deceased daughter E.," as well as that of any other child not living at his death, to take " the share of their deceased parent," and, after equal gifts to each of his seven children absolutely and to a trustee in trust for E.'s children, devised the rest of his estate in trust, the income, less a sum for his wife, to be divided yearly into eight equal parts; one part was to be used for E.'s children, each to receive upon becoming of age an equal share of the principal producing it, and the other parts were to be given to the testator's " seven children now living " during their lives, and, upon the decease of each of them, his part of the income was to be shared by his children equally, the principal producing it to be paid to them in equal shares as they should become of age successively; and the testator's intention was explained to be, that his children should receive equally the income of their respective portions, and their children equal shares of the principal as they should become of age, and not before, " and if any of my chil-

dren die without issue, their shares are to be added to those of the other children." *Held,* upon the death without issue of a surviving child of the testator, that E.'s children were entitled to share in the part of his estate held in trust for such child.

BILL IN EQUITY, brought by the trustee under the will of Joel Bowker, against the testator's children and grandchildren, for instructions as to the disposition of a portion of a trust fund. The will contained the following provisions:

" 1. I give and devise and bequeath unto my beloved wife, Lucretia, my estate in Crombie Street, where I now reside, being my brick mansion-house, with the land under and adjoining, with all the outbuildings and all the household furniture now used in my said dwelling-house, plate and other articles, to have and to hold the same to her for her own use, as her residence after my death, for and during the term of her natural life; and after her decease my will is, and I hereby give, devise, and bequeath the same to be equally divided among all my children to their use and benefit forever, the issue of my deceased daughter Eunice, and the issue of any other of my children who may not be living at the time of my decease, to take together the share of their deceased parent respectively.

" 2. I give and bequeath to each of my children the sum of one thousand dollars, to be paid to them by my executors in one year after my decease; and I give to my son Daniel R. Bowker the sum of one thousand dollars in trust, to apply the principal or income thereof, as he may find necessary and prudent, to the maintenance and education of the children of my deceased daughter Eunice in equal proportions. And as to all the rest, residue, and remainder of my estate and property of every name and nature, real and personal, of which I may decease seised or possessed, or in any way entitled to receive, I give, devise, and bequeath the same and every part thereof unto my son Daniel R. Bowker, in trust, nevertheless, and to and upon the following trusts, respecting the same:

"*First.* That my said trustee shall keep said residue well invested upon interest, and shall apply and appropriate the annual interest and income thereof as follows, viz.: He shall pay out of said income the sum of five hundred dollars every year to my said wife, Lucretia Bowker, for her support and maintenance.

"That he shall then divide the net income of said residue, after said payment to my said wife, into eight equal parts, and shall pay and appropriate one of said eighth parts to the education and maintenance of my said deceased daughter Eunice's children, until they shall respectively arrive at the age of twenty-one years, when each of them shall receive their equal parts of the principal of said eighth part, which produced said income, to his or her use forever; and the residue of said net income he shall divide equally among my seven children now living, during their natural lives, and at the decease of each of them he shall divide the said share of the deceased parent among their issue until they shall arrive at the age of twenty-one years, when the principal of their parent's share shall be divided, and paid to them as they shall respectively arrive at that age; my meaning and intention being that my said children shall receive only the income of their respective portions, and that their children shall have their equal shares of the principal when they arrive at twenty-one years of age, and not before; and if any of my children die without issue, their shares are to be added to those of the other children. I have equal confidence in all my children, but as my son Daniel is permanently settled in Salem, and has a full acquaintance with my affairs, books, and business, I have appointed him my trustee, and appoint that he shall receive three hundred dollars per annum for his services in that trust. All sums due to me by my children, by note or otherwise, are to be considered a part of my estate, in the same manner as if they were due to me by or from any other person."

At the hearing, before *C. Allen*, J., the only question was whether the children of Mrs. Eunice Torrey, who was the testator's deceased daughter Eunice mentioned in the will, were entitled to share in that portion of his estate held in trust for Nancy B. Curtis, another daughter of the testator who survived him, and had since deceased leaving no issue. The judge made a decree that the children of Eunice were entitled to share in the disposition of such portion; and Charles Bowker, a son of the testator, appealed to the full court.

*C. Bowker, pro se.*

*S. B. Allen & J. F. Wheeler*, for the children of Eunice Torrey.

DEVENS, J. At the decease of the testator, seven of his children survived him, who were all living at the time that he made his will, while at that time his daughter, Mrs. Eunice Torrey, had deceased.

In the first clause of his will, he makes provision for his wife for life, and disposes of the property held in trust for this purpose at her decease, by devising and bequeathing "the same to be equally divided among all my children to their use and benefit forever, the issue of my deceased daughter Eunice, and the issue of any other of my children who may not be living at the time of my decease, to take together the share of their deceased parent respectively." While this clause disposes only of the property set aside for the life estate of the widow, the words "all my children" are controlled by the explanation that the issue of Eunice and the issue of any other child who may decease are to take their deceased parents' shares. In this clause he certainly included such issue among his children, and the definition of the word here made is important in construing other parts of the will.

In the second clause of the will, he gives to each of his children a thousand dollars, bequeathing to a trustee the same sum, to be expended in maintaining and educating the children of his deceased daughter Eunice. He then devises the whole of the residue of his estate to his son Daniel R. Bowker, as trustee, to keep the same well invested, to pay five hundred dollars every year to his widow. He directs that the income of the residue shall be divided into eight equal "parts," or "shares," which words he uses interchangeably in this clause, ordering the trustee to appropriate one eighth part to the education of the children of Eunice, until they shall arrive at the age of twenty-one years; and upon the arrival of each at that age, such child is to receive its equal part of the principal which produced said income. The remaining income is to be divided equally among his children "now living," during their lives, and at the decease of any of them the trustee is to divide the share of income belonging to such child among his issue, until they shall arrive at the age of twenty-one years, when the principal of their parent's share is to be divided among them as they arrive respectively at that age.

The testator then adds : "My meaning and intention being that my said children shall receive only the income of their respective portions, and that their children shall have their equal shares of the principal when they arrive at twenty-one years of age, and not before ; and if any of my children die without issue, their shares are to be added to those of the other children." It is upon the latter clause of this sentence that the question arises upon which the bill in the case at bar asks instructions. The widow is now dead, and Mrs. Nancy B. Curtis, a daughter of the testator, who survived him, has also now deceased without issue. The inquiry is whether the children of Eunice are entitled to a share in the division of the one eighth part held in trust for Mrs. Curtis during her life.

The ruling idea of the testator, that there should be perfect equality among his children, or among their respective families, is shown throughout the will. As in the first clause, the children of Eunice, or of any child who may die before him, as a family, are distinctly included among his children; so in the second clause, the same sum is appropriated to the benefit of the children of Eunice that is given to the other children. In the residuary clause, while the income and estate is divided into eight equal shares, only that difference is made in regard to the income of the share finally to be appropriated to Eunice's children which results from the fact that there was necessarily no life income for her. No variation is made as to this share, except such variation in detail as this fact rendered necessary. The desire of the testator to equalize the shares of his children is also shown by the provision in the will which follows the residuary clause, and directs that debts due from either of his children to him shall be treated as part of his estate. It is urged that this clause cannot refer to Eunice, as, even if she owed a debt to the testator, it could not be intended to interfere with the disposition already made in favor of her children, or allowed to do so. But as there is no evidence that she owed anything to the testator, he must have been aware that, by reason of the fact that she did not, the clause could have no reference to her or her children.

The argument, that, because the testator provides, "If any of my children die without issue, their shares are to be added to

those of the other children," neither Eunice nor her children could have been contemplated, as she was deceased and her children had been provided for, is not satisfactory. Such a result is not in accordance with the equality which the testator evidently sought. He had divided his estate into eight shares, representing his eight children or their families, appropriating one to each. Even if Eunice was not then living, the share appropriated to her children might, in the ordinary, if not very accurate, use of language, be spoken of as her share, and thus be included in the phrase shares " of the other children," when it is provided that these shall be increased by the decease of any child without issue. Especially is this so when, in the first clause, the share appropriated to the children of Eunice is spoken of as their " deceased parent's share."

The word " children " may be interpreted as including grand-children, representatives of a deceased child, where it can fairly be seen from the context that such was the intention of the testator as exhibited in his will. While the word " children " is ordinarily used as a word of description, and limited to immediate offspring, yet the cases are quite numerous where a more extended meaning has been given, to carry out the presumed intention of the testator, and to prevent the disinheritance of grandchildren whose parents were not living. 4 Kent Com. (13th ed.) 419. " Although in its primary sense," says Mr. Justice Story, in *Parkman* v. *Bowdoin*, 1 Sumner, 359, " the word ' children ' is a *descriptio personarum* who are to take, there is not the slightest difficulty in giving it the other sense, when the structure of the devise requires it." Where a clause is fairly susceptible of two constructions also, that certainly is to be preferred which inclines to the inheritance of the children of a deceased child. *In re Crawhall's trust*, 8 DeG., McN. & G. 480. *Harley* v. *Mitford*, 21 Beav. 280. *Blesard* v. *Simpson*, 3 M. & G. 929. *Prowitt* v. *Rodman*, 37 N. Y. 42. *Scott* v. *Guernsey*, 48 N. Y. 106. *Barnitz's appeal*, 5 Penn. St. 264, 265.

The intention of the testator fairly appears upon the will, that each share of his estate is to be kept undivided during the lives of his immediate offspring, who are to receive income only ; and that, if either branch fails to produce a second generation, that share is to be divided among the other branches, so that it

may be enjoyed by such second generation. The branch of the family represented by Eunice's children is within that intention. Because the language is not so explicit as in the first clause, which distinctly includes the issue of Eunice among his children, it is not therefore to be inferred that he had any different intention in what we have termed the residuary clause.

*Decree affirmed.*