THOMAS NILES & another *vs.* SUSAN H. ALMY & others.

Suffolk.    December 12, 1893. — March 3, 1894.

Present: ALLEN, HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Devise and Legacy.*

A testator, at the time his will was made, had four sons, four daughters, and children of a deceased daughter living.  By his will, he gave two equal ninth parts of the residue of his estate to his two sons A. and B., in fee, and the other seven equal ninth parts thereof to A. and B. and the husband of the deceased daughter in trust, to invest the same and pay the income of one of such equal ninth parts respectively to each of his four daughters, to each of his two sons C. and D., and to the children of the deceased daughter, during their respective lives, " and if either of the beneficiaries of the said trust shall die leaving no issue surviving, then it is my will that the portions herein given for the benefit of said deceased be equally divided among the others, the issue of any deceased child taking the same proportion as that the parent would have taken if living, and the children of " the deceased daughter " taking an equal share with one of her said eight brothers and sisters." C. died after the testator's death, leaving no issue. *Held,* that C.'s share of the trust fund was to be divided into eight equal parts, and A. and B. were each entitled to one of such parts.

LATHROP, J.    This is a bill in equity, brought by the surviving trustees under the will of Thomas Niles, to obtain the instructions of the court as to the construction to be given to the third clause of the will.    At the time the will was made the testator had four sons and four daughters living, and the children of a deceased daughter, Mrs. Sarah M. C. Cn. Rogers.    The third clause of the will is as follows:

" Thirdly all the rest & residue & remainder of my estate Real & personall I give devise & bequeath as follows two equal Ninth parts to my two Sons Thomas Niles Jr & William J Niles 2d in equal portions to each to have & hold the same to them & their respective heirs forever & the other Seven Equal Ninth parts thereof to my son Thomas Niles Jr William J. Niles 2d & John Kimball Rogers Husband of my late Daughter Sarah M. C Cn Rogers & their heirs forever & the Survivor of them & his heirs as joint Tenants in trust.    Nevertheless for the following uses & purposes to wit.    To invest the Same & keep the same changing the investment whenever they shall judge necessary or advisable with full power to sell & convey & sell the per-

sonal Estate only except as hereafter provided & to pay the income to one of said Equal Ninth parts to each of my four Daughters Susan H. Almy Mary J. Niles Alice Niles Roberts & Anna Rhoda Niles during their respective lives free from the interference or control of their present or future Husbands & the income of one of said Equal Ninth parts to each of my two Sons Franklin Howard Niles & Washington Allston Niles during their respective lives & the income of the other undivided Ninth part to the children of my late Daughter Sarah M C Cn Rogers in equal proportions during their respective lives & if either of the beneficiaries of the said trust shall die leaving no issue surviving, then it is my will that the portion herein given for the benefit of said deceased be equally divided among the others, the issue of any deceased child taking the same proportion as that the parent would have taken if living & the children of the said Sarah M. C. Cn Rogers taking an equal share with one of her said Eight Brothers & Sisters & the portions so coming to the said Susan H. Almy Mary J. Niles Alice Niles Roberts Franklin Howard Niles Washington Allston Niles & Anna Rhoda Niles & the children of the said Sarah M C. Cn Rogers to be held in trust by the said trustees as aforesaid & on the death of any one of the beneficiaries leaving surviving issues his or her portion shall be paid over to such issue."

Franklin H. Niles has died since the death of the testator, leaving no issue, and the question before us is whether his share of the trust fund should be divided into six parts or into eight parts; in other words, whether the two sons who were given their portions in fee, are entitled to share with the beneficiaries under the trust, or whether the latter alone are entitled to take. The question is not free from difficulty. The will is inartificially drawn, and the intention of the testator is not readily ascertainable. The language of the will is: "And if either of the beneficiaries of the said trust shall die leaving no issue surviving, then it is my will that the portion herein given for the benefit of said deceased be equally divided among the others." Who are meant by the word "others"? Does this word refer merely to "the beneficiaries of the said trust," the next preceding antecedent, or does it refer to those beneficially entitled under the residuary clause? If the will stopped here, there

would be much room for doubt.    But, in our opinion, the ambiguity is removed by the words that follow:  " The issue of any deceased child taking the same proportion as that the parent would have taken if living & the children of the said Sarah M. C. Cn Rogers taking an equal share with one of her said Eight Brothers & Sisters."   The testator here clearly manifests his intention that the portion of a beneficiary of the trust dying without issue should be divided equally among all the surviving children of the testator and the issue of any deceased child, such issue taking *per stirpes.*

The general intent of the testator, as shown by the division of the residue of his estate into shares, is equality.    When this intent appears, ambiguous words and phrases should be construed, if possible, to carry out this intent.   *Minot* v. *Taylor*, 129 Mass. 160.    *Bowker* v. *Bowker*, 148 Mass. 198.    *Balch* v. *Pickering*, 154 Mass. 363.   The fact that in the case before us the shares of some of the children are directed to be held in trust, while other shares are given absolutely, does not prevent the operation of the principle of equality.   *Williams* v. *Bradley*, 3 Allen, 270.   *Stedman* v. *Priest*, 103 Mass. 293.

It was suggested at the argument that the words, " And if either of the beneficiaries of the said trust shall die leaving no issue surviving, then it is my will that the portion herein given for the benefit of said deceased be equally divided among the others " should be read parenthetically.   This would make the rest of the clause apply merely to that part which precedes the words quoted, and would make a large part of the rest of the clause unnecessary, and mere repetition, a construction which is not to be favored.   We are therefore of opinion, that the second clause of the decree appealed from must be modified in accordance with this opinion.*                     *Decree accordingly.*

*A. Blume,* for the plaintiffs, read the papers in the case.
*W. G. Russell & J. Fox,* for Thomas Niles and William J. Niles.
*G. W. Estabrook,* for Frank K. Rogers, a grandson of the testator.
*H. W. Chaplin, guardian ad litem,* for certain minor defendants.
*O. B. Mowry,* for the guardian of other minor defendants.

---

* The clause of the decree in question directed the trustees to divide the one seventh portion of the trust fund given by the will to Franklin H. Niles into six equal parts.