SAMUEL C. LAWRENCE, trustee, *vs.* DAVID K. PHILLIPS & others.

Suffolk.    March 11, 1904. — June 27, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Devise and Legacy*, Construction.    *Words*, "Surviving children."

A will gave the residue of the estate of the testatrix to trustees to pay the net income in equal shares to her seven children named for life, and proceeded as follows: "In the event of the death of either of my said children, and as they may severally decease, I give, devise, and bequeath, his or her equal share in said trust fund, and any accumulated interest thereon, to his or her lawful issue, upon their arriving to the full age of twenty-one years, and in the event of the death of any of my said children, without lawful issue living, or if living, and not arriving to the full age of twenty-one years, I give, devise, and bequeath, his or her interest in said trust fund to the surviving children and their heirs and assigns forever, share and share alike, my daughters' share to continue in trust, as is herein provided for the original share." All of the children survived the testatrix. One of them died leaving a son, and later another died without issue. *Held*, that the son of the child first deceased did not share in the remainder which took effect on the death of the other child without issue, as the words "surviving children" referred to those surviving at the death of one of the children, and did not include grandchildren. *Balch* v. *Pickering*, 154 Mass. 363, distinguished and doubted.

BILL IN EQUITY, filed July 20, 1903, by the trustee under the will of Maria L. Phillips, late of Swampscott, for instructions.

The case came on to be heard on the bill and answers before *Loring*, J., who decided that, according to the true construction of the will of the testatrix, the share of the trust fund to the income of which her son, Warren W. Phillips, was entitled during his life, was divisible only among the five children of the testatrix that survived him, the shares of her daughters to be held by the trustees upon the trusts provided in the will concerning the original shares, and that the defendant Eben B. Phillips, the son of John C. Phillips, who died before Warren W. Phillips, was not entitled to participate in the division of this share. The justice directed that a decree should be entered accordingly, and with the consent of the parties reserved the case for determination by the full court.

*W. H. Niles*, for Eben B. Phillips.

*J. L. Thorndike*, for the four surviving children.

LATHROP, J. By the fourth clause of the will of Maria L. Phillips the residue of her estate is given to trustees in trust to pay the net income in equal shares to the seven children named for life. The clause then proceeds as follows: " In the event of the death of either of my said children, and as they may severally decease, I give, devise, and bequeath, his or her equal share in said trust fund, and any accumulated interest thereon, to his or her lawful issue, upon their arriving to the full age of twenty-one years, and in the event of the death of any of my said children, without lawful issue living, or if living, and not arriving to the full age of twenty-one years, I give, devise, and bequeath, his or her interest in said trust fund to the surviving children and their heirs and assigns forever, share and share alike, my daughters' share to continue in trust, as is herein provided for the original share."

All of the children survived the testatrix. In 1896, one of them, John C. Phillips, died, leaving one son, the defendant Eben B. Phillips. Another child, Warren W. Phillips, died without issue on March 2, 1903, and the question presented is whether the son of John C. Phillips is entitled to share with the five surviving children of the testatrix in the distribution of the share of Warren W. Phillips.

We are of opinion that the son of John C. Phillips is not entitled to share in his uncle's estate. The will on this point is

clear and explicit that the share of a child dying without issue shall go to the surviving children. The words " surviving children " here must refer to those surviving at the death of one of the children. *Coveny* v. *McLaughlin*, 148 Mass. 576. *Bigelow* v. *Clap*, 166 Mass. 88. This is the natural construction of the words used.

It is true that the word " children " has sometimes been held to include grandchildren ; and this is done " where it can fairly be seen from the context that such was the intention of the testator as exhibited in his will," as is said by Mr. Justice Devens in *Bowker* v. *Bowker*, 148 Mass. 198, 203. In that case, when the testator made his will, one of his children, a daughter, had died leaving issue, and there were various clauses in his will showing that he intended to treat these children as representing their mother's share.

There are also other cases in which a similar result has been reached from the context of the will. See *Minot* v. *Taylor*, 129 Mass. 160 ; *Niles* v. *Almy*, 161 Mass. 29 ; *Stone* v. *Bradlee*, 183 Mass. 165, 171. In the case before us there is nothing in the context which leads to this conclusion.

The principal case relied upon by the counsel for the grandson is *Balch* v. *Pickering*, 154 Mass. 363. That case was decided by only four justices of the court, and Mr. Justice Holmes, who wrote the opinion, stated therein that he had not been able to free his mind from doubt. That case may be distinguished from the one before us, as in that case there was a provision that all the surviving children should take only the income for their lives, and that the principal should go to their children, as previously provided with regard to the original shares. No such clause is in the present will.

It may also be added that the only case cited in *Balch* v. *Pickering* which supports the decision is *In re Bowman*, 41 Ch. D. 525. It is clear that this case is in England no longer an authority for the proposition for which it was cited by Mr. Justice Holmes. See *Harrison* v. *Harrison*, [1901] 2 Ch. 136 ; *Inderwick* v. *Tatchell*, [1901] 2 Ch. 738, in the Court of Appeals ; *S. C.* in the House of Lords, [1903] A. C. 120.

We are therefore of opinion that the decision of the single justice of this court was right.

*Decree accordingly.*