GEORGE A. DARY, trustee, *vs.* ANNIE S. GRAU & others.

SAME *vs.* EMMA A. DILLON & others.

SAME *vs.* DANIEL B. STEDMAN, 2D, & others.

Suffolk.    December 8, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy,* Construction.  *Words,* "My surviving sons or daughters."

Where there is a gift by will to the children of the testator for life, providing that as each child dies the share of the child so dying shall go to the issue of that child or if the child has left no issue to the surviving sons and daughters of the testator, the surviving sons and daughters are those who survive the beneficiary for life who has died without issue, unless this ordinary meaning of the words is controlled by the context.

A testatrix directed that, after a life interest in her husband, the residue of her estate should be distributed into nine equal parts. Two parts she gave to two sons outright. Another ninth part she gave to four grandchildren, the children of A. who had married successively two daughters of the testatrix, one the mother of one of the four grandchildren and the other of the other three, and

both dead. The remaining six parts she gave in trust to distribute to her six other children, one son and five daughters, naming them, and on the decease of each of them, leaving issue, to give the share of which the child so dying received the income to the issue of that child, but on the decease of any of her said six children " without leaving issue then the share of said trust property with all accumulation thereon so devised for the use of such son or daughter so dying without issue, shall be held by my trustees aforesaid for the use of my surviving sons or daughters to be equally divided between them and the shares devised in trust are to be held upon the like trusts and purposes herein already before declared and finally to be conveyed, divided and distributed among their issue as herein before provided." The last surviving child of the testatrix died without leaving issue. On her death the trustee under the will brought a bill for instructions. There were issue living of four children of the testatrix who had survived her. There also were issue living of the two daughters of the testatrix who had died before her, the successive wives of A. One of the sons of the testatrix who survived her had died testate without leaving issue. *Held*, that the property was to be distributed *per stirpes* among the issue of the four children of the testatrix who survived her and left issue.

THE following statement of these cases is taken from the opinion of the court:

These are three appeals from a decree of the Probate Court on a bill brought by the present trustee under the will of Miriam W. Stedman, asking for instructions as to the final distribution of the trust estate.

Miriam W. Stedman, by her last will and testament, after giving three legacies (which appear to have been small in value), bequeathed and devised all her personal and real estate to her husband for life, and subject thereto she directed it to be divided into nine equal parts. Two parts she gave absolutely and in fee to her two sons Daniel B. and George; and she gave another ninth to four grandchildren by the name of Atkins, being children of the same father who had successively married two daughters of the testatrix, and who had had by his first wife one child and by his second wife three children, both wives then being dead. The remaining six parts were given to her husband and her two sons Daniel B. and George, "in trust . . . to pay over and distribute the nett proceeds of such rents, income, dividends and interest to and among my children hereinafter named, to wit, Josiah Stedman, Junior, Miriam W. Priest, Hannah M. Jackson, Lucy Stedman, Henrietta Stedman and Clarissa S. Bates in equal shares or portions. . . . In trust further upon the decease of my said son Josiah Stedman Junr. and of my said daughters as the same shall happen in the order

of Providence leaving issue then to grant, surrender and convey to such issue their heirs and assigns forever the said share or sixth part of which the parent received the income as aforesaid to be equally divided among such issue, share and share alike but in the event of the decease of my said son Josiah Stedman Jr. or either of my aforesaid daughters without leaving issue then the share of said trust property with all accumulation thereon so devised for the use of such son or daughter so dying without issue, shall be held by my trustees aforesaid for the use of my surviving sons or daughters to be equally divided between them and the shares devised in trust are to be held upon the like trusts and purposes herein already before declared and finally to be conveyed, divided and distributed among their issue as herein before provided."

The testatrix died in 1862 and her husband in 1867. The plaintiff became sole trustee of the trust property in September, 1876. Clarissa was the survivor of the six life tenants, and died in May, 1904, without leaving issue. On her death the bill in question was brought for instructions as to the final distribution of the trust estate.

By a decree of the Probate Court dated June 15, 1905, it is declared that " Daniel B. Stedman the elder, Miriam W. Priest, Henrietta S. Alleyne, and Hannah M. Jackson, all deceased, were the only children of the testatrix who survived her and left issue surviving the said Clarissa S. Stedman." After further findings, the decree directs the estate to be divided into four equal parts; one part for the issue of Daniel B., who left five sons and two children of a deceased son; one part for the issue of Miriam W. Priest, to be divided into three parts, one for each of her two sons and one for the daughter of a deceased daughter; a third part for the issue of Henrietta S. Alleyne, namely, her daughter Arabella Von Schrader; and the fourth part into two equal parts for the two daughters of Hannah M. Jackson. The decree then directs that the estate shall be distributed and conveyed accordingly, except that the shares of Daniel B. the younger and Josiah, two sons of Daniel B. the elder (son of the testatrix), both of whom became bankrupt in 1877, were to be conveyed to an assignee in bankruptcy; and the share of George Stedman, another son of Daniel B. the

elder, who became insolvent in 1896, was to be paid to his assignee in insolvency.

From this decree there were three appeals. One was taken by Annie S. Grau and others claiming under the will of George Stedman (son of the testatrix), who died testate without leaving issue. These appellants are entitled under his will if this property passed under it. Another appeal was taken by Emma Dillon and others, the issue of the two daughters who married Mr. Atkins, and who claim that the trust estate should be divided among all the issue of the testatrix and not among the issue of the eight children to whom the share of the life tenants dying without issue was given, provided they survived the life tenant so dying. The third appeal was taken by a guardian *ad litem* in behalf of great-grandchildren and minors and unascertained issue, who claimed that the distribution should be *per capita*.

It appears from the *testimonium* clause of the will that the words "to be equally divided between them and the shares devised in trust are to be held" were interlined. And it appears from the agreed facts filed in this court that the letter "s" in the word "sons" was written when the words interlined were written in.

The cases are here on a reservation made by a single justice upon the pleadings and agreed facts.

*G. A. Dary*, trustee, *pro se.*

*H. K. Brown*, for Annie S. Grau and her issue.

*H. G. Vaughan*, for Emma A. Dillon and others.

*R. W. Foster*, guardian *ad litem*, for Daniel B. Stedman, 2d, and others.

*C. E. Grinnell*, for Susan L. Stedman.

*F. T. Hammond*, for Miriam S. Smith.

*B. S. Ladd*, for Miriam P. Adams.

LORING, J. [After the foregoing statement of the case.] The contention of the appellants in the first appeal is that unless the gift over to "my surviving sons or daughters" is to be construed to mean sons and daughters who survive the testatrix, there is an intestacy in the event which has happened, namely, the surviving life tenant's dying without leaving issue. But in our opinion this gift over to surviving sons and daughters is a

gift to the sons and daughters who survived the several life tenants as they respectively deceased, and that in the event now before us there is no intestacy.

Where there is a gift to children for life, and, as each child dies leaving issue, a gift of the share of the child so dying to the issue of that child, with a gift over to surviving sons and daughters of the testatrix if the life tenant dies without issue, the surviving sons and daughters are the sons and daughters who survive the life tenant who dies without issue. This is usually the meaning of these words. *Lawrence* v. *Phillips*, 186 Mass. 320, and cases cited. Of course it may be overcome by the context, as in *Stone* v. *Bradlee*, 183 Mass. 165, and other cases cited in *Lawrence* v. *Phillips*, 186 Mass. 320, 322. But there is nothing in the context here to overcome the ordinary meaning. In our opinion the gift over to " my surviving sons or daughters " means to my sons and daughters who survive the life tenant in question who dies without issue.

The argument of these appellants is that the last clause, " and finally to be conveyed, divided and distributed among their issue as herein before provided," does not dispose of the trust estate which is not disposed of by the previous provisions of the will, because there are in the event in question *ex vi termini* no surviving sons or daughters of the testatrix, and there is no previous gift to issue of surviving sons and daughters to whom " herein before provided " can refer.

But this is too literal. It is true that there are in the event in question no surviving sons or daughters. But the gift is to the issue of the sons or daughters of the testatrix who, as they did or did not survive the several life tenants (their brother or sisters), did or did not take the shares of those life tenants who died without leaving issue. It also is true that there is no gift to such issue, but there is a previous provision as to the terms on which issue are to take, when issue take, and, in the gift here in question " to their issue," they are to take as it is " herein before provided " that issue are to take when issue take. The clause in question manifestly was inserted to cover the very contingency which is now before us. The testatrix gives the six parts of the residue put in trust to her son Josiah and his five sisters for life, with a gift over of each share to the issue of

the life tenant in question on the decease of that life tenant if he leaves issue, followed by a gift over to all surviving brothers and sisters of the life tenant in case the life tenant dies without issue. Then follows the clause in question: "Finally," that is to say, as a final disposition of so much of the trust fund as does not pass under the above provisions, it is "to be conveyed, divided and distributed among their issue as herein before provided," that is to say, it is to be conveyed, divided and distributed among the issue of my sons or daughters who, as they did or did not survive the several life tenants who died without issue, did or did not participate in the gift over of the share to the income of which that life tenant was entitled during his life; and these issue are to take as "herein before provided," that is to say, as it is hereinbefore provided that issue take when issue do take, namely, *per stirpes* and equally among the several stocks and among those constituting the stocks.

This brings us to the contention of the appellants in the second appeal, two of whom are daughters and the third a granddaughter of Mr. Atkins. Their contention is that if the phrase "surviving sons or daughters" means neither surviving the testatrix nor surviving the last life tenant, it includes the issue of all the children of the testatrix, and among others the two daughters who successively married Mr. Atkins. In support of this argument these appellants urge that the general scheme of the will is equality and to construe this clause to exclude them here is not to treat them equally.

But it is agreed that both the daughters of the testatrix who married Mr. Atkins predeceased the testatrix, and although it is not specifically agreed that they were dead when the will was made less than two years before the testatrix died, yet from the fact that provision is made for these grandchildren and none for their mothers, we think that, if it is material, both must be taken to have been dead before the will was made, as well as before the testatrix died. The "sons or daughters" to whom "their issue" in the clause in question refers does not include the daughters who predeceased the testatrix, for those daughters could not have survived the several life tenants. The rest of the argument of these appellants is equally unfounded. The general scheme of the will is not to put these grandchildren on

an equality with the other descendants of the testatrix. The testatrix had had ten children; eight were living, two were dead. The two who were dead were daughters who had successively married Mr. Atkins, and each daughter had left issue. Yet the residue was divided into nine, not into ten, parts, and one part was given to the issue of these two daughters. Again, in the gift over of the share of a life tenant dying without issue, the sons and daughters who survived the several life tenants took to the exclusion of the issue of the deceased brothers and sisters.

The third appeal is taken in behalf of minors and unascertained persons. The minors are great-grandchildren and great-great-grandchildren of the testatrix. The grandchildren of the testatrix, from whom they are descended, were all living at the death of the last life tenant. The decree of the Probate Court directed that the estate should be divided into four parts, one part for each of the children who died leaving issue, to be paid to the children then living of the sons or daughters of the testatrix who died leaving issue, and to the issue of such children who had died leaving issue. As we understand the contention of these appellants, it is that the four parts should be distributed, not to the immediate issue of the sons and daughters of the testatrix and their issue if dead, but should be distributed *per* *capita* among all living issue, including great-great-grandchildren of the testatrix whose grandparents, children of the sons and daughters of the testatrix, and whose parents are alive. In support of this contention these appellants at the oral argument cited *Jackson* v. *Jackson*, 153 Mass. 374. But the decree of the Probate Court with which these appellants are dissatisfied is supported by that case. See also *Hall* v. *Hall*, 140 Mass. 267; *Dexter* v. *Inches*, 147 Mass. 324.

*Decree affirmed.*