HORACE W. BAXTER *vs.* J. FRANK BICKFORD & another.

Suffolk.   February 24, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Devise and Legacy,* What estate.   *Land Court.   Words,* "Progeny," "Issue."

A devise of land to the testator's niece, J., " to hold and enjoy during her natural life and to her progeny if any, but in case she dies without issue then I give, devise and bequeath the same to my heirs at law," is plainly intended by the testator to be a devise to J. for her life with remainder in fee to her issue, if there are issue living at the time of her death, and a conveyance of the land by J. in her lifetime conveys a life estate only, the title to which the grantee cannot register under R. L. c. 128, § 18, since it is not an estate in fee.

PETITION, filed in the Land Court on May 11, 1908, for the registration of the title to land bounded by Chambers and Barton Streets in Boston.

The petition was heard by *Davis,* J.   It appeared that the land in question formerly was owned by one John L. Jenks, who had died and by whose will, which was dated March 15, 1887, it was devised to his widow for her life or as long as she remained his widow.   Further disposition of the land was made in the following clause of the will:

" But in case of the death of my said wife, I then give devise and bequeath to my niece, Sarah Elizabeth Jenks, daughter of my brother, Thomas L. Jenks, all of my estate of every kind and character to hold and enjoy during her natural life, and to her progeny if any, but in case she dies without issue, then I give, devise, and bequeath the same to my heirs at law.   Provided however, if my said wife declines to accept the provisions made for her support in this my last will and testament, but seeks recourse in the courts for allowance and dower, and the same shall have been set apart by a decree of said court, the balance of said estate shall go to my said niece, Sarah Eliza — Jenks, as provided above."

Sarah Elizabeth Jenks conveyed the land described in the petition to one who conveyed it to the petitioner.

The petitioner contended that under the will Sarah Elizabeth Jenks had an estate tail, which was barred by her deed; but the

judge ruled that she " took a life estate only and not a fee, and that therefore the petitioner has not a title proper for registration," and dismissed the petition. The petitioner alleged exceptions.

The case was submitted on briefs.

*G. D. Bigelow*, for the petitioner.

*J. W. Titus & O. E. Dunham*, for the respondents.

SHELDON, J. There can be no question that the testator intended by the third clause of his will to give to his niece, subject to the provision made for his wife, the residue of his estate, including the land here in question, for her life, with remainder in fee to her issue. Unless there is some rule of law to the contrary, this intention should be given effect by the courts. *Whitcomb* v. *Taylor*, 122 Mass. 243. The intent of the testator must prevail if it is consistent with the rules of law. *Jewett* v. *Jewett*, 200 Mass. 310, 317. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 38. *Gray* v. *Whittemore*, 192 Mass. 367, 374. *Crapo* v. *Price*, 190 Mass. 317, 319, 320. *McCurdy* v. *McCallum*, 186 Mass. 464, 468. But this construction is rather in accordance than at variance with the rules of construction adopted in this Commonwealth. Pub. Sts. c. 126, § 4, in force when this will took effect. *Trumbull* v. *Trumbull*, 149 Mass. 200, 203. *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, 578. We have not here a limitation like that which was considered in *Kendall* v. *Clapp*, 163 Mass. 69.

The petitioner contends that this limitation, "to my niece . . . to hold and enjoy during her natural life, and to her progeny, if any, but in case she dies without issue, then . . . to my heirs at law," created an estate tail in the niece. He relies on *Machell* v. *Weeding*, 8 Sim. 4, and *Sandes* v. *Cooke*, L. R. Ir. 21 Ch. D. 445. See also 1 Jarm. Wills, (6th ed.) 555, and Theobald, Wills, (7th ed.) 422. But these cases go upon the ground that the word " issue" is to be treated *prima facie* as a word of limitation merely, just as the word " heirs " was treated by this court in *Kendall* v. *Clapp*, 163 Mass. 69, already referred to. Their doctrine cannot be applied in this Commonwealth to a devise expressly limited to one for life with remainder over to his issue. And we think it plain that the failure of issue here spoken of is such a failure at the death of the niece, and not an indefinite failure

of her issue.   The limitation over is to take effect, if at all, at her death; and the manifest intention of the testator is not to be defeated by treating either the word " progeny " or the word " issue " as a word of limitation, independently of the provisions of R. L. c. 134, § 5, which do not affect this devise.*   *Stone* v. *Bradlee,* 183 Mass. 165, 169, 170.   *Lawrence* v. *Phillips,* 186 Mass. 320.   *Dary* v. *Grau,* 190 Mass. 482, 486.   We do not doubt, however, that the word "progeny" was used by the testator as equivalent to the more commonly used word "issue."

The testator's niece, Sarah Elizabeth Jenks, took only a life estate in the land devised to her; the petitioner has acquired no greater interest in that land, and has not a title proper for registration.   R. L. c. 128, § 18.   St. 1905, c. 249, § 2.   Accordingly the order that the petition should be dismissed was right.

*Exceptions overruled.*

---

* R. L. c. 134, § 5, originally enacted in St. 1888, c. 273, by its terms applied only to instruments executed after April 30, 1888.