BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* BESSIE T. NEVIN & others.

Suffolk.    March 25, 1912. — May 27, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Devise and Legacy,* What estate, Vested remainder.    *Words,* "Children."

A will provided that the residue of the estate of the testator should be placed in trust during the lives of the testator's five children, three daughters and two sons, naming them, the income to be paid to them, "meaning and intending hereby that my estate shall be held in trust for the benefit of my children, during their several lives and upon the decease of any one of them, having children of his or her body such children to take his or her share free and discharged of any trust, but if he or she shall not have any children of his or her body then such share to be added to the share of my surviving children or to whom his or her share shall have passed or who have become entitled thereto." As to a son A, it was provided that upon his death his widow should receive a life interest in his share. One daughter died without issue before the testator. A died first after the testator leaving a widow and no issue. A's widow survived all the children of the testator. A daughter then died leaving issue. A third daughter next died leaving no issue, and then the remaining son died, leaving issue. *Held,* that the issue of the son and the issue of the daughter each were entitled to one half of the estate subject to the life interest of A's widow in one third of it.

By the provisions of a will, the residue of the estate of the testator was placed in trust for the children of the testator for their lives "and upon the decease of any one of them, having children of his or her body such children to take his or her share free and discharged of any trust, but if he or she shall not have any children of his or her body then such share to be added to the share of my surviving children or to whom his or her share shall have passed or who have become entitled thereto. The property is to be kept for my children and the children of their respective bodies and for no one else." When the will was made, all of the testator's children were married, and one son, J, had a son and a daughter.  J and his children survived the testator and he was the survivor of the testator's children. Before his death his daughter died leaving children. His son survived him. Only one other child of the testator left issue. The trustee by a bill in equity sought instructions as to whether one half or the whole of the share given for the benefit of J should be paid to his son, and if one half, whether the other half should be paid to an administrator of the estate of J's daughter or to her children. *Held,* that the remainder in the children of J vested at the death of the testator, so that the estate which thus vested in J's daughter passed on her death to the administrator of her estate so far as it was personal property, and so far as it was real estate passed to her heirs.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 11, 1911, by the trustee under the will of Betsey Tirrell late of Weymouth, for instructions.

The case was reserved by *Braley,* J., upon the bill, answers and an agreed statement of facts, for determination by this court.

The will of Betsey Tirrell was dated December 22, 1880, and contained three articles. The first article provided for an immediate payment of the debts and funeral expenses of the testatrix. The third article nominated a trustee and executor. The second article was as follows:

"Second. All the rest and residue of my estate, both real and personal and wherever the same may be, I give devise and bequeath to my son Alfred Tirrell of said Weymouth, to have and to hold the same in trust for the equal benefit of my children James Tirrell, Hannah Tirrell, the said Alfred Tirrell, Mary J. Bates, widow of James L. Bates, late of said Weymouth, and all of said Weymouth and Tirzah W. Durrell, wife of Moses T. Durrell of Boston in the County of Suffolk and during the respective lives of said children, but said principal or trust fund shall in no way be liable for nor subject to any debt or debts of any *cestui que trust* named, and to pay the income thereof as often as once in six months to said respective children or others entitled to same.

"In case the said James or Mary J. shall die before my decease, then his or her share shall go to and be divided among his or her respective children free and discharged of all trust —

"In case of the death of said Alfred, his share, shall be held in trust for his wife during her life, and upon her death to the survivors of my said children or to those to whom their several shares shall have passed or who have become entitled thereto. And in the case of the death of said Hannah or Tirzah W. before my decease their respective shares to go to the survivors of my said children or to those to whom their several shares shall have passed or who have become entitled thereto.

"Meaning and intending hereby that my estate shall be held in trust for the benefit of my children, during their several lives and upon the decease of any one of them, having children of his or her body such children to take his or her share free and discharged of any trust, but if he or she shall not have any children of his or her body then such share to be added to the share of my surviving children or to whom his or her share shall have passed

or who have become entitled thereto. The property is to be kept for my children and the children of their respective bodies and for no one else, except as provided for the wife of said Alfred.

"Said Alfred as such trustee is to have the power to sell any and all of the said estate and re-invest the proceeds in such manner as he may deem most expedient and advantageous, exercising his best judgment.

"Whatever may be due, payable or owing from the said James or the said Alfred and either of them to me on the first day of May A.D. 1880 is not to be deducted from their share or portion of my estate but is to be cancelled and discharged and deemed paid."

There was a codicil dated March 5, 1883, the provisions of which are not material.

The testatrix died on August 13, 1888, her daughter Hannah having died before her, unmarried and without issue.

The testatrix was survived by the following children: Alfred Tirrell, James Tirrell, Mary J. Bates and Tirzah W. Durrell, all of whom had died before this suit was begun.

Alfred died without issue on May 7, 1890, and left surviving him his widow, M. Frances Tirrell, who was a defendant.

Mary J. Bates died on August 22, 1905, and left surviving her a daughter, Bessie T. Nevin, who was a defendant.

Tirzah W. Durrell, died on December 30, 1907, and left no husband or issue surviving her.

James Tirrell died on March 27, 1909, and left surviving him his widow, two grandchildren, Cranmore W. Brook, born in 1901, and Tirrell Brook, born in 1906, children of his daughter Helen F. Brook, who were defendants, and a son James Tirrell, junior, who was a defendant. Helen F. Brook was thirty-six years old at the time of her death on April 25, 1906. Her husband, Fleeming Brook, was appointed the administrator of her estate and was a defendant.

No distribution had been made of the principal of the trust.

'The plaintiff asked for instructions on the following questions:

"1. Should one half or the whole of the share for the benefit of James Tirrell be paid to James Tirrell, Jr.?

"2. If only one half of the share for the benefit of James Tirrell should be paid to James Tirrell, Jr., should the other half be paid to the administrator of his deceased daughter, Helen F. Brook, or

to Cranmore W. Brook and Tirrell Brook, children of said Helen F. Brook?

"3. Should the share for the benefit of Tirzah W. Durrell be added to the share for the benefit of James Tirrell, who was the only child of the testatrix living at the time of the death of said Tirzah, or should it be divided between the shares for the benefit of James Tirrell and Mary J. Bates, or should it be divided between the shares for the benefit of James Tirrell, Alfred Tirrell, and Mary J. Bates?"

The case was submitted on briefs.

*G. L. Barnes,* for Bessie T. Nevin and James Tirrell, Jr.

*E. C. Bumpus,* for M. Frances Tirrell.

*J. W. McAnarney & J. B. Sullivan, Jr.,* for Cranmore W. Brook and Tirrell Brook.

SHELDON, J.   Hannah Tirrell having died before the testatrix, the four surviving children of the latter took the residue of her estate in equal shares for their lives, with remainders except as to Alfred Tirrell to their respective children, if any.   Upon his decease his share went to his widow for her life.   After his death, Mrs. Durrell, another child of the testatrix, died without issue.   Thereupon, by the express terms of the second clause of the will, the share of the income which Mrs. Durrell had received went to increase the shares of the other children, or of those who had become entitled to the share of any deceased child.   This is the only construction which can be given to the language of the will.   M. Frances Tirrell, the widow of Alfred Tirrell, became entitled to what Alfred was to have taken.   In like manner Mrs. Nevin, by the decease of her mother Mrs. Bates, had become entitled to the amount of which the income would have gone to Mrs. Bates. That sum was one fourth part of the residue until the decease of Mrs. Durrell, and was increased upon that decease to one-third.   So the share of James Tirrell in the income of the trust fund was likewise increased upon the decease of Mrs. Durrell to one third part thereof.   *Cook* v. *Smith,* 101 Mass. 341.   *Bowker* v. *Bowker,* 148 Mass. 198.   *Sanger* v. *Bourke,* 209 Mass. 481.   It follows that after the death of Mrs. Durrell, M. Frances Tirrell became and still is entitled for her life to the income of one third of the fund, and the shares represented respectively by Mrs. Bates and James Tirrell are each one third part of the fund, or what is

the same thing, one half part thereof subject to the life interest of M. Frances Tirrell in one third part thereof.

The testatrix evidently intended that upon the death of any one of her children, the children of any of her own children who were then deceased should share *per stirpes* with the surviving children in the part of which the deceased child had enjoyed the income, and that such children of a deceased child should take the share that their parent would have taken had he or she been living. *Minot* v. *Taylor*, 129 Mass. 160. *Niles* v. *Almy*, 161 Mass. 29. The language of this testatrix differs from that which was construed in *Lawrence* v. *Phillips*, 186 Mass. 320, and *Dary* v. *Grau*, 190 Mass. 482.

The son James Tirrell after the death of Mrs. Durrell had an equitable life estate in one third part of the fund, and the principal thereof was to go to his children. He died in 1909, leaving one son, James Tirrell, Jr., and two grandchildren, the children of a daughter who had died during his lifetime. One question raised is as to the disposition of this part of the fund. This is to be determined by the language of the will construed with reference to the state of affairs so far as that was known to the testatrix, or fairly must be presumed to have been contemplated by her. We are only to give effect to her intention as thus determined. *Sanger* v. *Bourke*, 209 Mass. 481, 487. This testatrix has undertaken to declare her intent. After the provision that upon the decease of any one of her children "having children of his or her body," such children should take the share of their parent, she says "the property is to be kept for my children and the children of their respective bodies," with an exception not now material. It is contended that this language taken literally would include only the son of James Tirrell who survived him, and would exclude his two grandchildren, the children of his deceased daughter Helen, who had died during the lifetime of her father.

As was said by Hoar, J., in *Houghton* v. *Kendall*, 7 Allen, 72, 75, "The general rule is, that where there are children who fully answer the description, and confining the bequest to them will satisfy the whole apparent design of the testator, grandchildren or other more remote descendants will not be permitted to share with them, because in the ordinary use of language the word 'children' does not include grandchildren," although "where there

is any reason to suppose that such was the intention of the testator, 'children' may be construed as meaning 'issue'." It is claimed by James Tirrell, Jr., that no such intention can be found in the will; that the word "children" must be limited to its exact and proper signification; and that he, as the only person who upon the death of his father answered to that description, now is entitled to the whole share of which his father received the income. *Bragg* v. *Carter,* 171 Mass. 324. *Lawrence* v. *Phillips,* 186 Mass. 320. There is force in this argument; and it perhaps would be unanswerable if it depended solely upon the meaning of the word "children," and if it were not for another circumstance which in our opinion is decisive against this contention.

This will was dated December 22, 1880. The testatrix died on August 13, 1888. Helen F. Brook, the deceased daughter of James Tirrell, died on April 25, 1906, aged thirty-six years, so that she must have been born on or before April 25, 1870. It therefore appears that both when the will was made and when the testatrix died, the son James Tirrell had living these two children, as must have been known to the testatrix. Under the bequest to their father for life with remainder to the children of his body, they respectively took indefeasible vested remainders in fee, remainders which were none the less vested because they might have been opened to let in after-born children of their father or because the property which was the subject of these remainders might be, as it was, afterwards increased in amount by the death of other life tenants. This point was expressly decided, with numerous references to earlier cases, in *Wight* v. *Shaw,* 5 Cush. 56. It was again so held, upon facts which in essential matters closely resembled those now presented in *Gardiner* v. *Guild,* 106 Mass. 25. There are many similar decisions. *Fay* v. *Sylvester,* 2 Gray, 171. *Gibbens* v. *Gibbens,* 140 Mass. 102. *Dole* v. *Keyes,* 143 Mass. 237. *Dodd* v. *Winship,* 144 Mass. 461. *Lombard* v. *Willis,* 147 Mass. 13. *Marsh* v. *Hoyt,* 161 Mass. 459. *Shaw* v. *Eckley,* 169 Mass. 119. *Minot* v. *Purrington,* 190 Mass. 336. *Minot* v. *Doggett,* 190 Mass. 435. *Gray* v. *Whittemore,* 192 Mass. 367, 376. *Bryant* v. *Flanders,* 201 Mass. 373. Both of these children, James and Helen, perfectly answered the description given in the will, both when it was made and when it took effect at the death of the testatrix, and there is nothing to control the presumption that the interest of each of

them became vested at the latter date. *Pike* v. *Stephenson,* 99 Mass. 188. *Cummings* v. *Cummings,* 146 Mass. 501. *Lombard* v. *Willis,* 147 Mass. 13. *Cushman* v. *Arnold,* 185 Mass. 165.

The will does not provide that the remaindermen are to be ascertained only at the end of the life estate, a circumstance upon which stress has been laid in some cases. And the presumption that it was intended to give vested interests is strengthened by the fact that the provision is for the benefit of the direct descendants of the testatrix. *Stanwood* v. *Stanwood,* 179 Mass. 223. *Crapo* v. *Price,* 190 Mass. 317, 319. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 39.

It follows that the right to the share of which James Tirrell enjoyed the income is now vested one half in James Tirrell, Jr., and one half in the estate of his deceased daughter Helen.

There is no dispute, and we think it plain, that subject to the life interest of M. Frances Tirrell in one third part of the fund, it belongs wholly to Mrs. Nevin and the issue of James Tirrell.

So far as the share which, as we have held, vested in Helen F. Brook consists of real estate, it should be transferred to her children Cranmore W. Brook and Tirrell Brook, if as seems to have been assumed they were her only heirs; so far as it consists of personal property, it should be paid to the administrator of her estate. *Marsh* v. *Hoyt,* 161 Mass. 459. *O'Brien* v. *Lewis,* 208 Mass. 515.

The plaintiff is to be instructed that subject to the right of M. Frances Tirrell to the income of one third of the fund, it belongs one half part to Mrs. Nevin and one half part to the son and the estate of the daughter of James Tirrell; and that payment and transfer should be made in the manner which has been stated.

*So ordered.*