FRANK H. MONKS & another *vs*. HAROLD S. BRADFORD & others.

Suffolk.     January 17, 1924. — February 29, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, & WAIT, JJ.

*Trust*, Construction of instrument creating trust. *Devise and Legacy*, Gift to " surviving children " after life interest.     *Words*, " My surviving children as aforesaid."

A testator in his will provided that one third of the net income of a certain trust fund should be paid to his wife during her life and that two thirds should be paid " to all my children equally to be divided . . . to their sole and separate use during their lives, and if my wife shall die before my children then her third of said income shall go equally to said children in manner afore expressed and after the decease of my mother and sister then their shares shall be divided as afore mentioned amongst my children and in case of the decease of any child or children of mine the share of such child shall go to his or her child or children (if any) otherwise shall be divided between my surviving children as aforesaid until the decease of all my children." A widow and seven children survived the testator. At the death of the widow, four of these children had died, two of them without issue. *Held*, that

(1) The words " as aforesaid " did not overcome the ordinary meaning of the words " my surviving children," and the words " my surviving children " must be taken to have been used in their plain and primary meaning;

(2) The share of the income formerly paid to those children who died without issue should be divided among the surviving children of the testator to the exclusion of the grandchildren.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on May 3, 1923, by trustees under the will of John. P. Monks, late of Boston, for instructions.

Material allegations of the bill and answers are described in the opinion. The suit was reserved by *Carroll*, J., upon the pleadings for determination by the full court.

*F. C. Fernald,* stated the case.

*M. E. Bernkopf,* for the defendant Harold S. Bradford.

*H. Williams, Jr.,* for the defendant Frank H. Monks.

DeCOURCY, J.    The will of John P. Monks provides for annuities to his mother and sister from the net income of the trust fund, and for the payment to his wife yearly during her life of one third of the net income remaining. It then directs the trustees to pay " the other two thirds to all my children equally to be divided . . . to their sole and separate use during their lives, and if my wife shall die before my children then her third of said income shall go equally to said children in manner afore expressed and after the decease of my mother and sister then their shares shall be divided as afore mentioned amongst my children and in case of the decease of any child or children of mine the share of such child shall go to his or her child or children (if any) otherwise shall be divided between my surviving children as aforesaid until the decease of all my children."

The testator's wife is deceased. He was survived by seven children. Henry died in 1893, unmarried; and thereafter his share in the income was distributed among the six surviving children. The share of Richard, who died in 1911, has since been divided between his two children, Allan B. Monks and Grace B. Monks. Katherine E. (Bradford) died in 1918, and her share in the income has since been paid to her son, Harold S. Bradford. Robert H. died in 1923, without issue. Surviving him are three other children of the testator, Louisa D. Hempel, Frank H. Monks and George H. Monks. The trustees brought this bill for instructions whether Robert's share of the income should be divided among his surviving sister and brothers; or whether the children of his deceased brother and sister, Richard and Katherine, should participate in the distribution.

As above stated the language of the will on this point is: " and in case of the decease of any child or children of mine the share of such child shall go to his or her child or children (if any) otherwise shall be divided between my surviving children as aforesaid until the decease of all my children." It is generally recognized that a gift over to " my surviving

children " in such a testamentary provision means a gift to the children of the testator surviving the life tenant who dies without issue: and that the word " children " does not include grandchildren. *Lawrence* v. *Phillips,* 186 Mass. 320. *Dary* v. *Grau,* 190 Mass. 482, 486. *Mullaney* v. *Monahan,* 232 Mass. 279, 283. We find nothing in the additional words " as aforesaid " to overcome this ordinary meaning of " my surviving children." These words apparently refer back to the provision for the payment of income, " to all my children equally to be divided." The testator uses the similar phrases " in manner afore expressed " and " as afore mentioned " in providing for the contingency of the death of his wife before that of his children; and also when disposing of the shares of his mother and sister after their decease. And reference to the will as a whole confirms our opinion that the testator used the words " my surviving children " in their plain and primary meaning. His main intention was that the division of the income should be made among his children equally, as expressly stated in the codicil. The grandchildren are to have the whole estate after the decease of all the children. The case is within the authority of *Lawrence* v. *Phillips, supra, Meserve* v. *Haak,* 191 Mass. 220, *Wheaton* v. *Batcheller,* 211 Mass. 223, *Anderson* v. *Bean,* 220 Mass. 360, and *Boston Safe Deposit & Trust Co.* v. *Goldthwait,* 247 Mass. 434. It is distinguishable from cases like *Boston Safe Deposit & Trust Co.* v. *Nevin,* 212 Mass. 232, and *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, where the language of the will precluded the treatment of the legatees as a class.

The trustees should be instructed to divide Robert H. Monks' share of the income among his surviving brothers and sister during their lives. The allowance of costs out of the fund, as between solicitor and client, is to be determined by a single justice.

*Decree accordingly.*