### TIER vs. PENNELL, TIER and others.

---

R. C. devised real estate to his daughter A. and her husband for their joint lives, with remainder *to such child or children as A. should leave at the time of her decease, and to their respective heirs, executors, administrators and assigns for ever share and share alike.* A. left children, and a female grand child, the daughter of a deceased son who had died in the lifetime of A. and her husband : *Held,* that the grand child was not entitled.

Grand children and great grand children can only take under the description of *" children"* from necessity, *i. e.* where the will would otherwise remain inoperative, or where a testator has clearly shown, by the use of other words, a non-intention to restrict the term. But the word *" issue,"* *prima facie,* carries a devise to all the descendants.

---

May 1,
1832.

Will.
Construction
as to Grand-
child's taking.

The circumstances of this case are sufficiently detailed in the opinion of the court.

THE VICE-CHANCELLOR. The question in this cause arises upon the will of Robert Carr, which was made on the twenty-second day of August, 1799. The testator died about thirty years ago, leaving a considerable real estate in the city of New York. It is now sought to be partitioned.

A clause of the will in question is in the following words : " I give and bequeath to my daughter Ann Tier, and to her

1832.

TIER
v.
PENNELL.

" husband Jacob Tier, the dwelling house wherein they now
" live and lot of ground and premises thereunto belonging, for
" and during their natural lives and the natural life of the sur-
" vivor of them ; and from and immediately after the decease
" of the survivor of them, to such child or children as she shall
" or may leave at the time of her decease, and to their respec-
" tive heirs, executors, administrators and assigns for ever,
" share and share alike."

Jacob Tier died on the eighteenth day of December, 1827.
His wife Ann, the daughter of the testator, departed this life
on the nineteenth day of July, 1830. They left five children
(who are parties to this suit) and one grand child, Sarah
Elizabeth Tier, an infant of about eleven years of age and a
party defendant. The latter was the daughter of a son who
had died in the lifetime of his parents.

The sole question is : whether this grand child is entitled as
a tenant in common in remainder with the surviving children?

Grand children and great grand children will sometimes take
under the general description of children, although ordinarily
the word " children" does not comprehend grand-children. It
is either from necessity, where the will would otherwise remain
inoperative or where a testator has clearly shown, by the use
of other words, a non-intention to restrict the term, that grand
children are permitted to come in under a devise or gift to
" children." Thus, in *Wylde's case*, 6 *Coke's R.* 16, in the ab-
sence of children to take by purchase under the devise to a
man and his children, the term was construed to mean issue
and was converted into a word of limitation—such a construc-
tion being necessary in order to give effect to the will which
would otherwise have remained inoperative. And in *Wyth* v.
*Blackman*, 1 *Ves. sen.* 196. S. C. *Ambl.* 555, (called *Wythe* v.
*Thurlston*,) it was held that the indiscriminate use of the word
" children" and " issue" showed an intention not to confine the
former term to its proper and ordinary meaning, but to en-
large it to the same sense as the word issue : comprehending
grand children as entitled to take—not by the mere description
of children, but under the more comprehensive term " issue,"
the use of which is sufficient to carry a devise or bequest to

all the descendants.    The cases of *Gale* v. *Bennett, Ambl.* 681, and *Royle* v. *Hamilton,* 4 *Ves. jr.* 437, are to the same effect; and see *Dalzell* v. *Welch,* 2 *Sim.* 319.(*a*)

But, it is equally well settled that, where the word "children" alone is used and there are persons who answer the description, grand children, or other descendants, cannot take.—— This is a necessary result, because the term children does not, according to its proper signification, extend further than to immediate descendants, and the person claiming to be legatee or devisee must accurately answer the description given in the will; 1 *Rop. on Leg.* 72.    The case of *Crooke* v. *Brooking,* 2 *Vern.* 107, is a direct authority upon this point.    Here, upon a rehearing, it was decided, that under a devise in trust for the children of A., and where A. had only one child and several grand children, the child only should take ; but, if there had been no child of A. living, the grand children would have taken.    And in *Reeves* v. *Brymer,* 4 *Ves. jr.* 692, Lord Alvanley, M. R., lays down the latter part of the same rule.—— Sir William Grant, M. R., subsequently decided the cases of *Radcliffe* v. *Buckley,* 10 *Ves.* 195, and *The Earl of Orford* v. *Churchill,* 3 *Ves. & B.* 59, upon the like principle.    He examined, with great care, all the cases previously decided.    In the last mentioned case, he observes, " I never knew an in- " stance, where there were children to answer the proper des- " cription, that grand-children were permitted to share along " with them, although, where there is a total want of children, " grand children have been let in under a liberal construction " of the word ' children.' "    The great difficulty in permitting grand children and children to take together under one general

(*a*) Also, *Davenport* v. *Hanbury,* 3 *Ves.* 257 ; *Freeman* v. *Paisley, Ib.* 421 ; *Bernard* v. *Montague,* 1 *Meriv.* 424 ; *Leigh* v. *Norbury,* 13 *Ves.* 340 ; *Hockley* v. *Mawbey,* 1 *Ves. jr.* 150 ; *Hayden* v. *Wilshire,* 3 *T. R.* 372.

His honor, in mentioning the word *issue,* here speaks of it in its unrestricted sense.    For, whenever, in a deed or a will, the intention appears to be, that the word *issue* was not intended to mean descendants, but children, the courts give it such a construction : *Hampson* v. *Brandwood,* 1 *Mad. R.* 388 ; *Sibley* v. *Perry,* 7 *Ves.* 522, 531.——

C. E.

description in the will is, that both classes of persons must take by the same denomination, which is inconsistent: *Shelly* v. *Bryer, Jacob's R.* 207.

In the present case, it is clear the devise of the remainder is to the child or children of the wife, and is confined to such as she had living at the time of her decease. There is no ambiguity. It is to such child or children as should happen to survive her; and there is nothing in the will to show an intention to include more remote descendants. I cannot undertake to extend the devise beyond its plain and obvious meaning, although the not doing so may seem to operate harshly towards the infant grand child.

The cases of *Drayton* v. *Drayton,* 1 *Dessau. R.* 324, and *Devereaux* v. *Barnwell, Ib.* 497, with *Elliott* v. *Executors of Smith,* cited in these cases, would seem to convey an idea that the court may, by a forced construction, let in grand children or other representatives of a deceased child to take, even where the will expressly directs the whole to go to the surviving children in case of the death of a child before the time appointed for the payment or delivery of their portions. I have great doubt of the correctness of these decisions, and, therefore, do not feel warranted in following them. They appear to have been made in disregard of the positive directions contained in the different wills. And we are even told by the court in *Devereaux* v. *Barnwell:* " the rule that the intention " of the testator, if not inconsistent with some rules' of law, " must prevail, is not to be rigidly adhered to in all cases"— a doctrine which, if tolerated, would invest the courts with the power of making wills for testators different from what they intended, as well as of construing such as might be difficult or of doubtful interpretation.

The present case is clearly distinguishable from *Pemberton* v. *Parke,* 5 *Binney's R.* 601. There, the bequest ran to " children and grand children;" and one question was, whether great grand children could take. It was held they could, from the evident intent of the testator to include them, as proved by other expressions in the will.

*Another* case relied upon, in behalf of the infant, was *Doe, ex dem. Barnes* v. *Provoost,* 4 *J. R.* 61. This is also distinguishable from the present : on account of the difference in the words of the devise. A majority of the court, against Spencer, J., held, that by the fair construction of the will, the remainder over to the children of the testator's daughter was a vested remainder in all the children born at the death of the testator, and the shares of those dying during the existence of the particular estate went to their representatives and not to the survivor. But, by the clause of the will which I have to pass upon in the present case, the remainder was entirely contingent, because of the uncertainty of the persons who were to take ; it was unknown which or whether any of the children would survive their mother ; and, as before observed, the limitation being expressly to such child or children as she should or might leave at the time of her decease, it clearly implies a survivorship among them and so that the survivors were to take. This is a material circumstance, which is wanted in the case last cited, and constitutes the distinction between a contingent and vested remainder ; and upon which distinction the decision was founded.

I am of opinion the grand child, Sarah Elizabeth Tier, is not entitled to any share in the house and lot in question, with the other parties to this suit, as a tenant in common or otherwise.