EDWARD R. EAGER & others, executors, *vs.* ARTHUR
H. WHITNEY.

ANDREW S. BROWNELL, administrator, *vs.* EDWARD B.
EATON & another, trustees.

Middlesex.　March 18, 1895.— May 22, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Trust — Legal Representatives — Contingent Remainder.*

Where a will provides that property in the hands of trustees is to be by them paid
over at a future date, discharged of all trust, to those persons who at that time
shall be the testator's legal representatives, that is, to those who will be entitled
to succeed to personal estate in case of intestacy, a contingent and not a vested
remainder is created.

THE FIRST CASE was a petition to the judge of probate of
the county of Middlesex, by Edward R. Eager and others,
executors of the will of Leonard Whitney, late of Watertown,
deceased, to obtain the instructions of the court as to the con-
struction of the will. The judge decreed as follows: " It ap-
pearing that the said Emily F. Brownell died after the testator,
intestate, leaving a husband and no issue, it is determined that
the said Emily F. Brownell took a vested interest in her dis-
tributive share of the estate of said testator, both real and per-
sonal, as it existed at the time of his death, subject however to
the charges imposed upon it by said will; that the same was in
pursuance of the provisions of said will all duly converted into
personalty before the death of the said Emily F. Brownell, and
that her personal representatives are now entitled to receive
from the petitioners the same income she would have been en-
titled to receive had she been living"; and " that the said peti-
tioners pay to the personal representatives of the said Emily
F. Brownell one twelfth of the net income of the property of
which the wife of the testator is to have two thirds of the in-
come as set forth in said will, from the time of the death of
said Emily F. to the date of this decree; and from and after
the date hereof to pay her personal representatives said income

semiannually until the final distribution of the estate of said deceased or until the further order of court."

Arthur H. Whitney, a son and one of the heirs of the testator, appealed to this court. Hearing before *Holmes*, J., who, at the request of the parties, reported the case for the determination of the full court. The material facts appear in the opinion.

THE SECOND CASE was a petition to the judge of probate of the county of Middlesex, by Andrew S. Brownell, the administrator and sole personal representative of Emily F. Brownell, one of the legatees under the will of the said Leonard Whitney, praying that the executors and trustees be ordered to pay over to the petitioner, discharged of all trust, certain portions of the principal of the estate. The judge decreed "that it was the intention of the said testator that the principal of the 'property' belonging to the estate of said testator in the hands of said trustees should not by them be paid to those entitled thereto until the year 1901."

The petitioner appealed to this court. Hearing before *Holmes*, J., who reported the case with the former appeal for the determination of the full court. The material facts appear in the opinion.

*J. J. Myers*, (*F. Lawton* of New York with him,) for Andrew S. Brownell.

*R. Stone & J. J. Higgins*, for Arthur H. Whitney.

ALLEN, J. The only question directly presented by these cases is, whether the surviving husband of the testator's daughter, Mrs. Brownell, who died in 1885, is entitled to any part of the income or principal of the testator's property. If Mrs. Brownell had only a contingent remainder in a portion of the trust estate which is to be distributed in 1901, then her surviving husband is entitled to nothing; and this is the conclusion to which we have come.

The will was dated January 29, 1879. The testator had a wife, Caroline I. Whitney, and four children, namely, one daughter, Emily F. Brownell, then married to Andrew S. Brownell, and three sons, Arthur H. Whitney, Fred A. Whitney, and Charles E. Whitney. The son who is first named was not yet of age, but became so shortly afterwards. The general scheme of the will is as follows. The testator had an

interest valued at about $280,000 in a firm, and about $200,000 in other property, mostly personal. The will gives the household goods to his wife, and all the rest of the property in trust; and directs all the trust property except what is in the firm to be converted into interest bearing securities, the whole income of which shall be paid to his wife; and the income of the property in the firm is to be paid, two thirds to his wife, three twelfths in equal proportions to his daughter and two of his sons, and one twelfth to be held for the benefit of his other son with certain special provisions. If his daughter or either of the two sons first named should die leaving issue, such issue is to take the share of the income which the parent would have taken. There is no similar provision in case of the death of the other son. The trust is to terminate and the property in the hands of the trustees to be by them paid over to the testator's legal representatives in 1901. Until and during the year 1901, the testator's wife is authorized to dispose by will, and not otherwise, of one third part of the personal property. No power of disposition by will or otherwise is given to any one of the children.

This will means, we think, that the property in the hands of the trustees shall be by them paid over in 1901 to those persons who at that time shall be the testator's legal representatives; and by legal representatives it means those who would be entitled to succeed to personal estate in case of intestacy. *Bates, petitioner,* 159 Mass. 252, 258. The principal reasons leading to this conclusion are as follows.

If the remainder vested at the testator's death, the share of the widow and of each child would be descendible, devisable, and assignable; and in this way the husband of his daughter or the wives of his sons might come in for a share by inheritance or gift. The testator knew that his daughter was married, and had in mind that his sons might be, and made provision for the event of the death of his daughter, or of either of his two sons first named, leaving issue. The omission of any provision in such case for the surviving husband or wife goes to show that he meant to exclude them.

The authority given to his wife to dispose by will of one third part of the property before or during the year 1901 implies that without this provision she would not have this authority. The

omission to give a similar authority to either of the children implies that no such authority was intended to be given to them. Especially is this so in respect to Charles, concerning whom, for some reason not disclosed, particular provisions are made. If the remainders were vested, the testator's wife and all of his children might at any time dispose of their interests, to take effect at the latest in 1901.

There is no gift to the legal representatives, independently of the direction to the trustees to pay over to them in the year 1901. The time is thus annexed to the gift. It is a legacy given as of that year. An arbitrary date is fixed, at which the trust is to end and the property to be paid over. The form of expression used may not be necessarily conclusive, but it has a tendency to show that the gift was to those who should then be his legal representatives. Decisions supporting this view are cited in 2 Wms. Ex. (9th ed.) 1108.

An argument is made that, if the above construction is adopted, circumstances may arise under which the children or their issue may be inadequately provided for, — a result which the testator would not probably have wished. But it is to be observed that as to Charles there were reasons not known to us leading the testator to put him on a special footing; that if either of the other children of the testator should die, leaving issue, such issue would take the income which otherwise would go to the parent; that the testator's wife, the mother of the children, would have a large income during her life, with power to dispose by will of one third of the trust property, and that she could thus meet any exigencies; and that the trust is to end in 1901, so that the final distribution is not postponed to a very remote date.

We do not deem it desirable to make a detailed review of the authorities, which have been cited in very recent decisions. *Peck* v. *Carlton*, 154 Mass. 231. *Proctor* v. *Clark*, 154 Mass. 45. *Wood* v. *Bullard*, 151 Mass. 324. *Fargo* v. *Miller*, 150 Mass. 225.

The result is, that the decree of the Probate Court in the first case, ordering the payment of income to the personal representatives of Mrs. Brownell, must be reversed; and that the decree in the second case, refusing to order the payment of principal to the petitioner, must be affirmed.　　　　*Ordered accordingly.*