HENRY W. BRAGG, trustee, *vs.* LOUISA M. CARTER
& others.

Suffolk.    December 14, 15, 1897. — May 21, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Will — Trust — Income — Children, Grandchildren, and Great-grandchildren
— Issue — Allowance for Counsel Fees — Decree.*

Where, after giving the children of the testator a life interest, a will provides that "on the decease of either of the above named children, leaving a child or children, the proportion of such deceased child's income shall be given to said child or children," A., the survivor of A. and B., two children of a child of the testator, is entitled to the entire income to which the parent would be entitled if living, and B.'s children, who are great-grandchildren of the testator, have no

interest therein, especially if that conclusion is favored by the other portions of the will.

So much of a decree, in the case of a bill in equity asking instructions as to the construction of a will as relates to an allowance to counsel for fees and expenses, is to be settled by a single justice, it not appearing that the allowance made includes the services of counsel on the appeal.

BILL IN EQUITY, filed November 4, 1896, by the trustee under the will of Samuel Cutter, to obtain the instructions of the court as to the construction of the will. The following are the material portions of the will :

" After the payment of my just debts and funeral expenses and expenses of administration, I give and bequeath to my wife, Charlotte Cutter, all the household furniture which may be in my dwelling-house at the time of my decease, and my wearing apparel.

" I also give, bequeath, and devise to my said wife Charlotte the use and improvement of all my estate, real and personal, during her life.

" Item. At the decease of my said wife, I give, bequeath, and devise the use and improvement of all my estate, real and personal, to my children, viz. Charlotte P. Hall, wife of Osborn B. Hall, Samuel W. Cutter, Louisa M. Carter, wife of John H. Carter, Sarah Ann Hunnewell, wife of Edwin Hunnewell, Benjamin L. Cutter, Theodore A. Cutter, Henry E. Cutter, and William S. Cutter ; and on the decease of either of the above named children leaving a child or children, the proportion of such deceased child's income shall be given to said child or children, and on the decease of either of the above named children leaving a widow but no child, the proportion of such deceased child's income shall be given to said widow while she remains the widow of such deceased child, and on the decease of either of the above named children leaving no lawful issue or widow, the proportion of such deceased child's income shall be given to the surviving brothers and sisters in equal proportions, and on the decease of all the above named children I give, bequeath, and devise all my estate, real and personal, to my grandchildren who may be then living, to be equally divided between them :

" Provided, however, that the proportion to be paid to any widow of a deceased son shall continue to be paid from the

income of the whole estate, each share contributing its equal part so long as she or they remain such widow."

The testator appointed an executor " to carry out the provisions of this will," giving him power to sell any portion of the real estate: " such sale of real estate is to be deemed by my said executor to be for the benefit of my family, and consent to such sale must be first given in writing by my said wife if living and by a majority of my before named children who may be living at the time of such sale." The executor is further directed to " invest the proceeds of such sale in some safe manner, or in other real estate for the benefit of my family."

The bill alleged that the testator died in 1864, leaving a widow, since deceased, and as his only heirs and next of kin Charlotte P. Hall, who has since died leaving no issue, Samuel W. Cutter, now deceased, Louisa M. Carter, Sarah Ann Hunnewell, who has since died leaving as her only issue a daughter, Charlotte Wellington, Benjamin L. Cutter, who has since died leaving no issue, Theodore A. Cutter, Henry E. Cutter, and William S. Cutter; that Samuel W. Cutter had died leaving a son, Samuel Cutter, and a daughter, now Mary E. McMahon; that the last named Samuel Cutter, being a grandson of the testator, had died leaving a widow, Maud Estelle Cutter, and three minor children, viz. the said Frank Revenue Cutter, Mary Cutter, and Samuel Wheelock Cutter, said last named minor children being great-grandchildren of the testator; that it was contended in behalf of the last named great-grandchildren that they were entitled to receive the share of the income of the trust estate to which their father, Samuel Cutter, would be entitled if living; that it was also contended that such share should be paid to the children of the testator now living; and that there was a possibility that said share should be paid to Mary E. McMahon, and that Maud Estelle Cutter might make some claim thereto.

A decree was entered by a single justice " that the respondent Mary E. McMahon is entitled to receive the whole of that share in the income of the trust estate to which her father, Samuel W. Cutter, would be entitled were he living, such share being now one sixth of the entire income of the trust estate; that it is

the duty of the trustee to pay over to said Mary E. McMahon one sixth part of the annual income of the trust estate; that Samuel W. Cutter, May Cutter, and Frank R. Cutter, minor children of Samuel Cutter, deceased, are not entitled to receive any part of the income of the trust estate"; and "that the sum of fifty dollars be allowed to counsel for Mary E. McMahon, and the sum of fifty dollars to counsel for Arthur H. Brooks, guardian *ad litem* for Samuel W. Cutter, May Cutter, and Frank R. Cutter, minor children, as counsel fees and expenses, said sums to be paid to them by the petitioner out of the funds of the estate in his hands."

The minor respondents, Frank Revenue Cutter, May Cutter, and Samuel Wheelock Cutter, by their guardian *ad litem,* Arthur H. Brooks, appealed to the full court.

*R. Bradford,* for the plaintiff, read the papers in the case.

*A. H. Brooks,* guardian *ad litem,* for the minor children of Samuel Cutter.

*T. Hunt,* for Mary E. McMahon.

LATHROP, J.　The general scheme of the testator is this. He gives to his wife the furniture which is in his dwelling-house, and also gives to her the use and improvement of all his real estate and personal property during her life. At the decease of his wife, he gives a life estate to his children, naming them, and makes a provision for the case of a child dying leaving a child or children, and for the case of a child leaving a widow. On the death of all the children mentioned, he gives all of his estate, real and personal, to his grandchildren who may then be living, to be equally divided between them. He also appoints an executor and trustee "to carry out the provisions of this will." To the executor is given power to sell any portion of the real estate; "such sale of real estate is to be deemed by my said executor to be for the benefit of my family, and consent to such sale must be first given in writing," by the widow if living, and by a majority of the children living at the time of the sale. The executor is further directed to "invest the proceeds of such sale in some safe manner . . . for the benefit of my family."

The testator died in 1864, leaving a widow and eight children surviving him, three of whom were married. The widow died

in 1878. Since the testator's death, five of his children have died, two leaving issue, and three leaving no issue. One of the two leaving issue was a son, Samuel W. Cutter, who left a son Samuel and a daughter Mary, now Mrs. McMahon. Samuel, the grandson of the testator, is now dead, leaving a widow and three minor children. His sister also survived him. The question before the court is whether the income of his father's share should be paid to his sister or to his three minor children, who were the great-grandchildren of the testator.

The language of the will seems to us reasonably plain. After the provision giving the children of the testator a life interest, it is provided, leaving out the provision for a widow of a child: "and on the decease of either of the above named children leaving a child or children, the proportion of such deceased child's income shall be given to said child or children." Mrs. McMahon is now the only surviving child of Samuel W. Cutter, and is therefore entitled to the income.

One ground upon which the great-grandchildren of the testator contend that they are entitled to the income is, that the will provides for the case of the death of any one of the testator's children "leaving no lawful issue or widow," in which event "the proportion of such deceased child's income shall be given to the surviving brothers and sisters in equal proportions." The word "issue" may, undoubtedly, not be restricted to children, (*Hills* v. *Barnard*, 152 Mass. 67, 73,) but we have no occasion in this case to consider whether the testator in that particular clause intended children or a more remote descendant, for Mrs. McMahon does not claim under this clause.

It is further contended that, as the word "children" may be interpreted to mean grandchildren, (*Bowker* v. *Bowker*, 148 Mass. 198,) so the word "grandchildren" may be interpreted to mean great-grandchildren, and that when the fund comes to be divided, if there are no grandchildren then living, the great-grandchildren may take under the will. But whatever construction may be given if there are no grandchildren when the last child of the testator dies, it is manifest that the testator did not intend to go beyond grandchildren, if there were any of this class living when the principal came to be disposed of. The estate is then to be divided, not *per stirpes* but *per capita*.

The language is " to my grandchildren who may be then living, to be equally divided between them."

We are therefore of opinion that the decree of the single justice, so far as it relates to the questions argued before us, should be affirmed. So much of the decree as relates to an allowance to counsel for fees and expenses is to be settled by a single justice, as we do not understand that the allowance made includes the services of counsel on the appeal.

*Decree accordingly.*