HAYWARD M. BUTLER ET AL., TRS., *vs.* D. FORREST BUTLER ET AL.

JULY 3, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Wills.   Trusts.   Vested and Contingent Remainders.*

Under a testamentary trust testator provided for the payment of net income "To my wife during her life three-fifths, and to my daughter N. during her life two-fifths," and "on the death of my wife and when my son W. shall have reached the age of 28 years, I hereby direct my trustees to terminate said trust and distribute all my estate, two-fifths to my daughter N., and one-fifth each to my three sons," . . . "if, however, my daughter N. be not then living, the trustee shall distribute all my estate equally, share and share alike, to my children, their heirs, administrators and assigns, the share of any deceased child to go to the heirs of the body of said child, if any, the children of N. if any, to take their mother's share." The widow deceased, all four children surviving, W. being 24 years of age.

*Held,* that N. received a vested remainder in two-fifths of the *corpus,* subject to being decreased to one-quarter in case she died before the termination of the trust and that each of the three sons received a vested remainder in one-fifth of the *corpus,* subject to being increased to one-quarter in case N. died before the termination of the trust.

*Held,* further, that from the death of the wife to the expiration of the trust on W. reaching the age of 28, or having deceased prior thereto, the income from the three-fifths of the estate given to her for life, should not accumulate to increase the *corpus,* but should be paid as it accrued to the vested remaindermen, in the proportion of two-fifths to N. and one-fifth each to the others, the will failing to show any desire for accumulations of income.

*Held,* further, that in the event of the death of N. leaving children prior to the termination of the trust, such children should share equally with the three sons and take one-quarter of the estate.

*Held,* further that upon the death of W. before reaching the age of 28, the wife having already deceased, the trust would terminate.

(2)   *Vested and Contingent Remainders.*

The law strongly favors vesting and will not regard a remainder as contingent, in the absence of very decisive terms of contingency unless the provisions or implications of the will clearly require it, and words expressive of future time are to be referred to the vesting in possession if they reasonably can be, rather than to the vesting in right.

BILL IN EQUITY for construction of will.   Certified under Gen. Laws 1909, cap. 289, § 35.

VINCENT, J.   This is a bill in equity brought in the Superior Court by the complainants as trustees under the will of John J. Butler.   It appearing that all parties interested, or who might become interested, were represented, and that the only questions of law raised by said bill involved the construction of a will, the cause was certified to this court for determination under Section 35, Chapter 289 of the General Laws of 1909.

The testator died May 22, 1916, leaving a widow, Laura E. Butler, and four children, Hayward M. Butler, Nettie B. Rice, the complainants, and D. Forrest Butler and Ward E. Butler, two of the respondents.

By the residuary clause of the will the testator left a considerable amount of property to the complainants, as trustees, with directions to pay all his debts and after deducting the expenses of the trust to pay the net income as follows:   " To my wife during her life three-fifths and to my said daughter Nettie during her life two-fifths."

Without making any further provision as to the payment of income, the will disposes of the principal of the trust estate as follows: " On the death of my said wife, and when my said son Ward shall have reached the age of twenty-eight years, I hereby direct and empower my said

trustees to terminate said trust and distribute all my said estate, two-fifths to my said daughter Nettie and, one-fifth each to my said three sons, to each of them, their heirs, administrators and assigns forever, free from all trust and obligation, giving to my said trustees, discretion as to the substance and manner of such distribution. If, however, my said daughter Nettie be not then living, the then trustee shall distribute all my estate equally, share and share alike, to my children, their heirs, administrators and assigns, the share of any deceased child to go to the heirs of the body of said child, if any, the children of Nettie, if any, to take their mother's share."

The widow of the testator, Laura E. Butler, died January 30, 1917. The four children are all living, the son Ward E. Butler being of the age of twenty-four years and unmarried. The testator's daughter, Nettie B. Rice, has no children. The other sons, Hayward M. Butler and D. Forrest Butler have each one child. Both of these children are minors and are represented by a guardian *ad litem* who also represents the interests of persons not ascertained and not yet in being who may be interested in the trust declared by said will.

The questions which have arisen in the course of the administration of the trust and which this court is asked to determine are as follows:

1.   Are the equitable estates in remainder which shall take effect in possession upon the termination of the trust, vested or contingent remainders?

2.   Should the complainants, as trustees, permit the three-fifths income of the trust estate,— which would have gone to the testator's wife had she lived until the end of the trust — to accumulate and increase the *corpus* until the termination of said trust, or should they distribute said three-fifths income as it accrues? If the latter is correct, to whom and in what proportion should it be paid?

3.  In case said Nettie B. Rice should not be living at the time of the termination of said trust, would her children, if any, take collectively one-fourth or two-fifths of the *corpus,* and would the other three children of the testator — his three sons — if then living, each receive one-fourth or one-fifth of said estate?

4.  Would said trust terminate at once in case said Ward E. Butler should die before reaching the age of twenty-eight?

The primary and most important question to be determined is whether the equitable estates in remainder are vested or contingent.  It will therefore be convenient, in the first instance, to designate the particular features which serve to distinguish a vested remainder from a contingent remainder.  The distinguishing feature of a vested remainder is that there shall be a person or persons in being, ascertained and ready to take possession whenever and however the preceding estate may determine.  In such case the interest vests at once, but the enjoyment of it is postponed.  In the case of a contingent remainder, whether or not any estate shall vest in either right or possession, or who shall take it, depends on a future contingency.  In such case not only the time of enjoyment but the right to enjoy is uncertain.

(2)    In applying these definitions to the question which we are now discussing, it must also be borne in mind, " that the law favors vesting very strongly, and will not regard a remainder as contingent, in the absence of very decisive terms of contingency, unless the provisions or implications of the will clearly require it, and that words expressive of future time are to be referred to the vesting in possession, if they reasonably can be, rather than to the vesting in right." *In re Kenyon,* 17 R. I. 149; *Ross* v. *Nettleton,* 24 R. I. 124, 127.

In *Storrs* v. *Burgess,* 29 R. I. 269, 273, this court said, in quoting with approval from other authorities: " Since

contingent remainders have been recognized, the line between them and vested remainders is drawn as follows: A remainder is vested in A. when, throughout its continuance, A., or A. and his heirs, have the right to the immediate possession, whenever and however the preceding estates may determine," citing *Johnson* v. *Edmond,* 65 Conn. 492, 499; *Starnes* v. *Hill,* 112 N. C. 1, 9. "The uncertainty which makes a gift contingent may be in the capacity of the devisee to take,-or in the happening of an event upon which the gift is conditional."

The portions of the will of John J. Butler touching the matter of remainders providing that the trustees pay over the net income are as follows: " To my wife during her life three-fifths and to my said daughter Nettie during her life two-fifths. . . . On the death of my said wife, and when my said son Ward shall have reached the age of twenty-eight years, I hereby direct and empower my said trustees to terminate said trust and distribute all my said estate, two-fifths to my said daughter Nettie and, one-fifth each to my said three sons, to each of them, their heirs, administrators and assigns forever, free from all trust and obligation, giving to my said trustees, discretion as to the substance and manner of such distribution." From this language, taken by itself, it could be easily determined that the remainders vested. The estate was certain and there were persons in being at the testator's death, ascertained and ready to take possession whenever the preceding estate should come to an end, that is, on the death of the testator's wife and when the son Ward E. Butler, should reach the age of twenty-eight years. The delay would not have postponed the vesting, but only the enjoyment. The daughter, Nettie B. Rice, would have taken a vested remainder in two-fifths and each of the three sons a vested remainder in one-fifth of the *corpus,* to come into their possession at the termination of the trust.

*Storrs* v. *Burgess, supra,* is similar to the case at bar in that two things must happen before the remainder vested in possession, that is, that the wife should die and the daughter should attain the age of twenty-four years. In the case at bar the wife must die and the son Ward reach the age of twenty-eight years. The court held in *Storrs* v. *Burgess* that the daughter was given a vested remainder on the testator's death. See, also, *Staples* v. *D'Wolf,* 8 R. I. 74; *Kelly* v. *Dike,* 8 R. I. 436; *Rogers* v. *Rogers,* 11 R. I. 38; *Clarkson* v. *Pell,* 17 R. I. 646; *Spencer* v. *Greene,* 17 R. I. 727; *Morgan* v. *Morgan,* 20 R. I. 600.

It is reasonably certain in view of the authorities cited, that we would be justified in holding that, under the provisions of the will, last above quoted, the remainders were vested. There is, however, a further provision in the will which must be considered in this connection. The testator goes on to say: " If, however, my said daughter Nettie be not then living, the then trustee shall distribute all my estate equally, share and share alike, to my children, their heirs, administrators and assigns, the share of any deceased child to go to the heirs of the body of said child, if any, the children of Nettie, if any, to take their mother's share." Do these words change the situation and make the remainder contingent instead of vested?

They do not change the parties who would take at the expiration of the trust, except that it gives to Nettie's children, if any, in case of her death the mother's share and changes the proportion of the estate which each remainderman would take.

There seems to be sound authority that this would not change an estate already vested into a contingent estate. In 40 Cyc. 1670 the general rule is stated in this language: "A gift over on death or failure of the beneficiaries in remainder does not render the remainder any the less vested, although it may be contingent from other reasons.

A gift over on death leaving issue does not render the estate of the first taker contingent, and a gift to others on death without issue does not render the prior estate contingent; but the gift over on death without issue 'will itself be contingent.''

*R. I. Hospital Trust Co.* v. *Noyes,* 26 R. I. 323; here all the net income was to go to Y. after he reached twenty-one and before he reached twenty-five, and upon his reaching twenty-five he was to get the whole *corpus.* But if he died before reaching twenty-five, the *corpus* was to go to his issue. Y. died between the ages of twenty-one and twenty-five without issue. The court held that Y. took a vested interest in the fund, subject to being divested if he died without issue under twenty-five.

*Storrs* v. *Burgess,* 29 R. I. 269; here the whole income was to go to the wife until the daughter reached twenty-five when one-half of the income was to go to the daughter; if the wife died before the daughter reached twenty-five, the whole income was to be held in trust for the daughter until she reached twenty-five, and then the *corpus* was to be paid to her. If the daughter died before she reached twenty-five leaving issue, half was to go to her issue, *etc.* The daughter died before reaching twenty-five, without issue, the mother living. The court held that the daughter took a vested equitable remainder in fee, subject to be divested by her death under the age of twenty-five or before her mother.

*Hayes* v. *Robeson,* 29 R. I. 216; here there was a trust to apply the income for the education of two grandsons; if either died before twenty-one, the whole income to the other; if both died before twenty-one, then over. The court held that the grandsons took a vested interest in the funds, liable to be divested by death under the age of twenty-one.

In the case at bar remainders are given with the provision that if one of the remaindermen, Nettie, dies be-

fore the end of the trust the proportion of the amounts given will be changed and her share will go to her children. In the above three cases, *R. I. Hospital Trust Co.* v. *Noyes, Storrs* v. *Burgess,* and *Hayes* v. *Robeson,* the trust provided for gifts over under somewhat similar contingencies, and in all three cases the court held that the remaindermen took a vested remainder subject to be divested on the happening of the contingency.

We think that these provisions of the will must be construed as giving to Nettie B. Rice a vested remainder in two-fifths of the *corpus,* subject to being decreased to one-quarter in case she died before the termination of the trust, and to each of the three sons a vested remainder in one-fifth of the *corpus,* subject to being increased to one-quarter in case Nettie died before the trust terminated. In reaching this conclusion we are not hampered by anything in the will which appears to us to be an intention on the part of the testator to make the remainders contingent rather than vested.

We now come to the consideration of the question as to what disposition should be made of the three-fifths of the income of the trust estate given to the testator's wife for life, from the time of her death to the expiration of the trust, that is when the son Ward shall have reached the age of twenty-eight years or shall have deceased prior thereto. Should this income be allowed to accumulate and be added to the *corpus* until the termination of the trust, or should it be paid out as it accrues and if the latter to whom and in what proportion?

The general rule is stated in 40 Cyc. 1659 as follows: " The right to accumulations of income directed by will may be vested, and the vested right will attach to each new amount as fast as it accumulates, and will, in general, be either vested or contingent according as the gift of principal is vested or contingent."

In *Rogers* v. *Rogers,* 11 R. I. 38, the residue of the

estate was left in trust as a guaranty for the payment of
an income of $3000 to the •testator's wife for life, and
after her death to divide all the residue equally between
the trustee's eight children, and when the income during
the life tenancy exceeded the necessary $3000 it was held
that the remainder over was vested and that the remain-
dermen were entitled to the excess income during the life
tenancy. In discussing the question of accumulation or
payment of the income, the court said: '' The will con-
tains no traces of a wish to aggrandize a property which
was already ample, by mere accumulation, until the divi-
sion; and the inference is easily drawn that the testator
supposed that the income, instead of accumulating, would
be enjoyed by the objects of his bounty. Indeed, he prob-
ably had the idea that a trust ordinarily means an ar-
rangement by which the trustee safely keeps the *corpus*
of the property, while the beneficiaries enjoy its income.''

In *Wakefield* v. *Small,* 74 Me. 277, the testator directed
his trustees to set aside from the *corpus* $30,000 and to
pay the whole annual income to his wife for life. If any
income from the *corpus* remained, he directed it to be
divided equally among his children until the youngest
child reached twenty-one years, and then the trustees
were to divide the unexpended residue set aside for the
maintenance of the children, and also the $30,000 set aside
for the support of the wife if she was not then living. If
the wife were living, the trust estate of $30,000 was to
continue until her death and then to be divided. She
died before the youngest child reached twenty-one. It
was held that upon the death of the wife the $30,000 falls
into the balance of assets, the annual income of which
was paid to the testator and each child received the same
proportionate part of the income of the $30,000 that the
will provided they should receive of the balance of the
assets, the court saying: '' It is the opinion of the Court
that under the will, upon the death of the widow, the ap-

plication of the income of the thirty thousand dollars to her use during life having served its purpose, that sum, the thirty thousand dollars, falls into the balance of assets mentioned in the fourth section of the tenth clause of the will, the annual income of which is to be paid to all the children of the testator, ' each receiving his or her equal share, until the youngest of my said children that shall live to arrive at the age of twenty-one years, shall arrive at that age.' . . . Nothing indicates that the testator intended the income to be invested and accumulate during such a period."

The will under consideration fails to furnish anything which can be said to indicate any wish or desire, on the part of the testator, that accumulations should go to increase the *corpus* of the estate and the disposition of the whole income under the trust would seem to some extent to support the contrary view. We think that the income from the three-fifths of the estate given by the testator to his wife for life should not accumulate to increase the *corpus,* but that it should be paid as it accrues to the vested remaindermen, Nettie B. Rice, Hayward M. Butler, D. Forrest Butler and Ward E. Butler in the proportion of two-fifths thereof to Nettie B. Rice and one-fifth each to Hayward M. Butler, D. Forrest Butler and Ward E. Butler.

In the event that Nettie B. Rice should decease prior to the termination of the trust, leaving children, would such children take one-fourth or two-fifths of the *corpus* of the estate is the next question for consideration. It would be but natural for the testator to feel that his daughter would be less capable, than his sons, of earning an income and it is fair to presume that he may for that reason have been desirous of favoring her to some extent in the disposition of his property. But however that may be it seems reasonably clear from the will that he did not desire to extend the same consideration to children that

might possibly be born to her in the future. In contemplation of the decease of his daughter, prior to the termination of the trust, the testator provides that " the then trustee shall distribute all my estate equally, share and share alike, to my children, their heirs, administrators and assigns, the share of any deceased child to go to the heirs of the body of said child, if any, the children of Nettie, if any, to take their mother's share."

. This language seems to us to indicate an intent on the part of the testator that in the event of the death of his daughter, before the termination of the trust, her children, if any, should share equally with his three sons and take one-quarter of the estate.

We do not think that the testator, by the words, " the children of Nettie, if any, to take their mother's share," intended that Nettie's children should take two-fifths of the estate but rather that they should take the portion that would go to the mother upon the basis of an equal division of the estate into four parts. Such intent is borne out by the words which precede those above quoted, " the then trustee shall distribute all my estate equally, share and share alike, to my children, their heirs, administrators and assigns."

We now come to the final question, Would the trust terminate at once upon the decease of Ward E. Butler before reaching the age of twenty-eight years?

The whole object of the trust was to protect the *corpus* of the estate during the life of the testator's wife and until his son Ward became twenty-eight years of age. Upon the death of the son Ward, the wife having already deceased, there would not be anything remaining upon which the trust could further operate and it would therefore terminate. In *Sammis* v. *Sammis,* 14 R. I. 123, there was a provision that the trust should continue until the youngest of three sons should attain the age of forty years, and the court held that the death of all three be-

fore reaching that age would end the trust, and said: "This is because there is no reason for keeping the trust or term alive, and it cannot be kept alive until the arrival of the time named for its termination, for that time never will arrive. . . . The death of all the sons, therefore, before either of them attains the age of forty years, will not defeat the remainders but will only accelerate their taking effect in possession."

Our conclusions may be specifically stated as follows:

1. That Nettie B. Rice on the death of the testator took a vested remainder in two-fifths of the *corpus* of the estate subject to being decreased to one-fourth in the event of her death before the termination of the trust.

2. That Hayward M. Butler, D. Forrest Butler and Ward E. Butler on the death of the testator each took a vested remainder in one-fifth of the *corpus* of the estate subject to be increased to one-quarter in the event that Nettie B. Rice should decease prior to the termination of the trust.

3. That Nettie B. Rice should be paid two-fifths and Hayward M. Butler, D. Forrest Butler and Ward E. Butler one-fifth each of the three-fifths income that would have been payable to the testator's wife from the date of her death to the end of the trust.

4. That if Nettie B. Rice should decease prior to the termination of the trust without leaving issue the *corpus* of the estate should be divided equally between her three brothers Hayward M., D. Forrest and Ward E., but if Nettie should decease as aforesaid leaving issue the *corpus* of the estate should be divided into four equal parts, one of which should go to the child or children of Nettie and one to each of the testator's sons.

5. That if the said Ward E. Butler should not reach the age of twenty-eight years the trust would terminate upon his death and the *corpus* of the estate should be distributed as of the date of his decease.

The complainants may present to this court, for approval, a decree in accordance with this opinion.

*Gardner, Pirce & Thornley,* for complainants.

*Elisha C. Mowry,* for respondents D. Forrest Butler and Ward E. Butler.

*Fred A. Otis,* Guardian *ad litem,* for himself.