[No. 22143. Department Two. February 24, 1930.]

WILLIAM A. BOWLES, *as Guardian, Appellant,* v. ROLLAND H. DENNY, *as Executor, Defendant,* RUTH OSBORNE, *Respondent,* INEZ G. FRYE, *as Administratrix, Appellant.*[1]

[1]Reported in 285 Pac. 422.

536

*J. Orrin Vining,* for appellant Frye.

*Bell, McNeil & Bowles,* for appellant Bowles.

*Hyland, Elvidge & Alvord* and *Tucker & Tucker,* for respondent.

*McMicken, Ramsey & Rupp, amici curiae.*

MAIN, J.—This action involves the construction of the last will and testament of Mary A. Denny, deceased. From the decree of the superior court construing the will, the guardian of Russell M. Frye, Jr., and Mary Maxine Frye, great-great-grandchildren of the testatrix, and Inez G. Frye, administratrix with the will annexed of Russell M. Frye, deceased, who was a great-grandson of the testatrix, appeal.

The facts necessary to be stated are these: The testatrix died December 30, 1910, and her estate consisted principally of a block of ground in the city of Seattle and the income from a ninety-nine-year lease thereon which had been executed February 3, 1906. By the will the testatrix gave her entire estate to the executors and trustees therein mentioned, who were her six children.

Paragraph 2 of the will directs the executors, as long as any of her children shall live, to collect the rent

from the lease mentioned and pay the same in equal shares and personally to the children of the testatrix, naming them. There was a further provision in this paragraph to the effect that it was the purpose of the testatrix that the rent money mentioned should be used by her children for their comfort and support, and should not at any time be taken or used to pay or discharge any obligation of the children and should not be subject to execution or other process of the court.

Paragraph 3 of the will is as follows:

"In case any of my children shall die leaving issue standing in the relationship of a child or children, then my said executors and trustees, or their successors in office, shall pay monthly to such child or children the share of rent that would have been paid to the parent of such child or children had he or she lived, such share to be divided among such children, if there be more than one of them, share and share alike; provided, however, that in case any of my said children shall die leaving a grandchild or grandchildren of a deceased parent, then such grandchild or grandchildren shall be entitled to receive from my said executors and trustees, or their successors in office, a share of said rent equal to the share to be paid to any person standing in the relationship of a child to one of my children dying as above mentioned, such share to be divided among such grandchildren share and share alike."

In that paragraph the testatrix tells how the rent shall be paid in case any of her children shall die leaving issue standing in the relation of child or children, and provides that, in case any of her children shall die leaving a grandchild or grandchildren of the deceased parents, then such grandchild or grandchildren shall be entitled to receive a share of the rent equal to the share to be paid to any person standing in the relation of child to one of the children of the testatrix. There is there no mention of great-great-grandchildren.

Paragraph 4 of the will is as follows:

"Upon the death of the survivor of my said children the title to said Block One (1), subject to the said leasehold interest of the Arcade Building Company, shall vest in, and become the property of the following designated persons, namely, such of my grandchildren as then may be living and the children then living of each of my deceased grandchildren as follows: The children of Louisa C. Frye, then living and the children then living of each of the deceased children of Louisa C. Frye to receive an undivided one-fifth (1/5) interest therein and an undivided one-fifth (1/5) interest in and to any and all rents arising therefrom under and by virtue of the terms of said lease, said interests to be distributed among the said children of Louisa C. Frye, then living, and the children of her deceased children then living as follows, such undivided one-fifth (1/5) interests to be divided into as many parts as there are then children living of the body of Louisa C. Frye and such of her children who may have died leaving issue who may be living at the time of the death of the survivor of my said children, one such share to be given to, and vest in each of the surviving children of Louisa C. Frye, and to the children of each deceased child of Louisa C. Frye, shall be given one of such parts or shares, and such part or share shall vest in such children share and share alike; . . ."

Then follow seriatim identically the same provisions for the family branches of Rolland H. Denny, Orion O. Denny, Arthur W. Denny and Charles L. Denny.

In that paragraph the testatrix tells in whom her estate shall vest and how it shall be distributed upon the death of a survivor of her children. At the present time all the children of the testatrix are dead with the exception of Rolland H. Denny, who is the sole surviving child, executor and trustee.

Louisa C. Frye, one of the children of Mary A. Denny, the testatrix, died March 22, 1924. She left surviving a number of children and two had preceded

her in death, one of these being J. Marion Frye, who died February 14, 1905. J. Marion Frye had two children, one, Russell M. Frye, Sr., who died July 24, 1927, and Ruth Frye Osborne. Russell M. Frye, Sr., left surviving him two children, minors, Russell M. Frye, Jr., and Marion Maxine Frye. Russell M. Frye, Jr., and Marion Maxine Frye are great-great-grandchildren of the testatrix, and their father, grandfather, great-grandmother Louisa M. Frye and great-great-grandmother Mary A. Denny, the testatrix, are all dead. Russell M. Frye, Jr., and Marion Maxine Frye, through their guardian, contend that the share of the rent which was paid to Russell M. Frye, Sr., during his lifetime should be paid to them. Inez G. Frye, administratrix with the will annexed of the estate of Russell M. Frye, deceased, contends that the right to the rents had become vested in Russell M. Frye, Sr., deceased, prior to his death and that therefore they are a part of his estate. Ruth Frye Osborne, the sister of Russell M. Frye, Sr., deceased, contends that she, being the only surviving child of J. Marion Frye, is entitled to the share of the rent that formerly went to her brother and that the right to the rent did not become vested in him.

The controlling question is whether, under the will, the right of Russell M. Frye, Sr., at the time of his death, to receive the portion of the rent which he was then receiving had become a vested interest in him.

As above stated, it appears that the time has not yet arrived for the vesting of the corpus estate, inasmuch as one of the children of the testatrix, Rolland H. Denny, still survives. The question here is to whom the rent in controversy shall be paid during the life of Mr. Denny. Where there is a bequest of rent and a devise of the corpus estate, which has not vested, in the absence of a contrary intention made

manifest in the will, the rent will follow the corpus of the estate. *Dicks v. Young,* 181 N. C. 448, 107 S. E. 220; *Eager v. Whitney,* 163 Mass. 463, 40 N. E. 1046; *Butler v. Butler,* 40 R. I. 425, 101 Atl. 115. In paragraph 3 of the will, there is no intention made manifest on the part of the testatrix that the rent which becomes due prior to the death of her surviving child, Rolland H. Denny, shall become vested in the persons therein named.

The question then arises, whether, under paragraph 4 of the will, the corpus of the estate, as it shall go at the time of the death of Rolland H. Denny, is a vested or a contingent remainder.

In that paragraph, it is first said that, upon the death of the survivor of the children of the testatrix (Rolland H. Denny), the title to the block of ground subject to the lease shall vest in and become the property of (a) such of the grandchildren of the testatrix "as then may be living" and (b) the children "then living" of each deceased grandchild of the testatrix. Following this it is provided that the children of Louisa C. Frye "then living" and the children "then living" of each of the deceased children of Louisa C. Frye shall receive an undivided one-fifth interest in the fee of the property and an undivided one-fifth interest in the rents arising from the lease. It is then said that the one-fifth interest referred to shall be distributed to the children of Louisa C. Frye "then living" and the children of any deceased child of Louisa C. Frye "then living." This is followed by a statement as to how the one-fifth interest shall be divided, and it is said into as many parts as there are "then children living" of the body of Louisa C. Frye and such of her children who may have died "leaving issue who may be living." It is then provided that one of the parts as thus divided shall vest in each of the surviving

children of Louisa C. Frye and to the children of each deceased child of Louisa C. Frye shall be given one of such parts.

In mentioning the number of parts that the one-fifth interest is to be divided into, children ''then living'' of Louisa C. Frye are mentioned and such of her children who may have died ''leaving issue who may be living.'' This is the only place in the paragraph where the word ''issue'' is used, and it is used in connection with the number of parts that the one-fifth interest shall be divided into.

In its general sense, unconfined by any indication of intention to the contrary, the word ''issue'' includes in its meaning all descendants. In *Drake v. Drake*, 134 N. Y. 220, 32 N. E. 114, 17 L. R. A. 664, it was said:

''In its general sense, unconfined by any indication of intention to the contrary, the word 'issue' includes in its meaning all descendants. *Leigh v. Norbury,* 13 Ves. Jr. 340; *Tier v. Pennell,* 1 Edw. Ch. 354, 6 L. ed. 170, Washb. Real. Prop. 318; *Re Corrie,* 32 Beav. 426, *In re Kavanaugh,* 13 Ir. Ch. 120; *Dodsworth v. Addy,* 11 L. J. Ch. 382.''

The word ''issue'' in paragraph 4 must be read in connection with all the other language therein, and, when it is so read, it cannot be construed as having the effect of vesting the estate prior to the death of Rolland H. Denny. To give the word such a construction would be directly contrary to the other positive and unequivocal language in the paragraph. Under the language used, it is uncertain at the present time, and cannot be made certain until the death of Rolland H. Denny, in whom the corpus of the estate will vest, and therefore the remainder is contingent and not vested.

In Page on Wills (2d ed.), vol. 2, § 1119, it is said:

''A future interest is contingent if the person to take

is not in existence, as where the gift is to children, heirs of the body, and the like of one who, at that time, has no living descendants.

"It is also contingent where, by the terms of the gift, the beneficiaries can not be ascertained until the happening of some future event. Where a devise is made to a class in such terms that the class can not be ascertained at the death of the testator, but must be ascertained at some future time, the interest of the members of such class corresponding to such description is a mere contingency until such class is definitely ascertained. A gift to the 'heirs' of a certain person, to be ascertained at some time in the future, 'heirs' being used in its primary meaning, and not as equivalent to children; or a gift to the members of a class, such as children, who may be living at some future period of time, is contingent."

In the case of *Hopkins v. Keazer,* 89 Me. 347, 36 Atl. 615, it is said:

"The words of this bequest plainly indicate contingency. The testatrix provides for an equal division of income among her children, and, upon the death of all her children, she devises the same estate to such of her grandchildren as may then be alive. There can not be a plainer proposition than that it is uncertain who, if any, among the grandchildren, shall be survivors after all the children of the testatrix are deceased."

The cases of *Bragg v. Carter,* 171 Mass. 324, 50 N. E. 640; *Wunderlich v. Bleyle,* 96 N. J. Eq. 135, 125 Atl. 386, and *Rhode Island Hospital Trust Co. v. Harris,* 20 R. I. 408, 39 Atl. 750, are to the same effect.

Ruth Frye Osborne, being the only surviving child of J. Marion Frye, the deceased grandson of the testatrix, is entitled to that share. The gift was to a class to be ascertained at a future time and the share was dependent upon the ultimate number. While Russell M. Frye, Sr., a brother of Ruth Frye Osborne, lived,

he was entitled to share equally with her in the portion that would have been given to their father, J. Marion Frye, had he been living. After his death, as stated, that share went to the survivor, Ruth Frye Osborne. *In re Kimberly's Estate,* 150 N. Y. 90, 44 N. E. 945; 1 Jarman, Wills (6th ed.), p. 262.

The language of the will is plain and does not call for construction. It is a cardinal rule that the intention of the testator or testatrix in a will shall be ascertained and given effect, but this intention must be derived from the language used. It is argued that, when all the provisions of the will are taken into consideration, it shows a disposition on the part of the testatrix, Mary A. Denny, to deal with fairness and equality with all of her descendants, and that this, taking into consideration the use of the word "issue" in paragraph 4, which has already been noticed, would give rise to a construction by implication that the testatrix intended her great-great-grandchildren to take, even though not specifically mentioned. The trouble with this argument is that it is at variance with the plain and unambiguous provisions of the will. Mary A. Denny, at the time she executed her will, saw before her her children, grandchildren and great-grandchildren, but apparently her vision at that time did not extend to great-great-grandchildren and they are not contemplated in the will.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.